EMILY KEMPE and Another, Respondents, *v.* CONCOURSE REALTY CORPORATION, Appellant.

First Department, February 17, 1933.

*William B. Shelton* of counsel [*Jenkins, Dimmick & Finnegan,* attorneys], for the appellant.

*J. Austin Lyons* of counsel [*Karl A. Kohn,* attorney], for the respondents.

MERRELL, J. The plaintiff Emily Kempe brought this action to recover for personal injuries which she alleges she suffered as the result of the negligence of the defendant in maintaining on the sidewalk in front of the Paradise Theatre, on Grand Concourse,

borough of Bronx, New York city, which it owned, iron doors with a hasp at the inner edge of the doors. This hasp was in two parts, one on each of the two doors, and was for the purpose of locking the same. It was the plaintiff's claim that she caught her foot upon his hasp and was precipitated upon the sidewalk, sustaining bodily, injuries for which she sought a recovery. Her husband, the plaintiff Theodore Kempe, sued for loss of services of his wife and medical expenses incurred as the result of the accident which befell her.

On the late afternoon of January 16, 1930, the plaintiff was walking along the Grand Concourse and stopped in front of the defendant's theatre to read a program in a case or frame attached to the wall of the building. The plaintiff testified that after reading the program, as she turned on the heel of her left foot to proceed on her way, she tripped with her right foot over the small hasp attached to the inner edge of the cellar door next to the wall of the building lost her balance, and fell upon the iron doors, injuring her left knee. The iron cellar doors in question were closed at the time that the plaintiff fell and were flush with the sidewalk along which she was walking. There is no contention that the doors were out of repair, and the only negligence charged by plaintiff was the presence of the small hasp on the inner edge of the door. There was a conflict in the testimony as to the manner in which plaintiff fell. The testimony of Frances Katz, the only eye witness of the accident, was that the plaintiff was walking along in a southerly direction about the middle of the sidewalk and several feet toward the curb from the iron doors in question, when she tripped upon her own foot and fell. The plaintiff testified positively that when she struck the ground or pavement after tripping upon the hasp, she fell upon the iron doors themselves. In front of the theatre at the time there was parked the automobile of one Matthew Russo, who sat in his automobile waiting for his grandmother and an aunt to come from the theatre. Russo testified he saw plaintiff as she was falling, and that when she hit the ground she was four or five feet from the doors. This testimony of plaintiff's witness Russo was contradictory of the plaintiff's testimony as to the point where she fell, and is corroborative of the testimony of defendant's witness, Frances Katz, who testified that the plaintiff tripped over her own foot and fell on the sidewalk several feet from the doors. However, the jury having rendered a verdict in favor of plaintiffs upon the disputed question of fact, we are bound, for the purposes of this appeal, to accept plaintiff's version as true.

The question presented upon this appeal is whether the small hasp, proven to be not to exceed an inch and a half high and situate at the extreme inner edge of the doors and only four inches from

the building at the outer edge of the hasp, was such an obstruction to pedestrians using the street as to render the defendant negligent in maintaining the same. In short, was the defect of a character that a prudent person should reasonably anticipate danger by reason of its existence? While the plaintiff testified that this hasp extended up from the door at least three inches, the testimony on the part of both the plaintiff and the defendant clearly shows that the hasp was not to exceed an inch and a half in height. The attorney for the plaintiffs, whose testimony must be regarded as most favorable to plaintiffs, testified at the trial that four days after the happening of the accident he went to the Paradise Theatre and took measurements as to the hasp upon the cellar door in front of the theatre. Plaintiffs' attorney testified that from the building to the nearest portion of the hasp the distance was two and one-half inches, and that the hasp was an inch and a half in diameter; that the outer portion of the hasp was four inches away from the building, and that the distance from the extreme outside of the hasp across its two parts would be approximately an inch and a quarter to an inch and a half, including the space between the two parts of the hasp. From this testimony it appears that these hasps, an inch and a half in height and an inch and a half in width, had been placed two and one-half inches from the building, and that the extreme measurement from the outside of the hasp to the building was approximately four inches. Above the doors in question the defendant maintained a program bulletin which was inclosed in a frame with a glass in front. It was this bulletin or program that the plaintiff testified she was reading just before her fall. The evidence shows that the frame inclosing the program extended out from the building about five inches, and that a plumb line dropped from the outer portion of the program frame would strike the doors beneath at least an inch outside the hasp. Plaintiff testified at the trial, with the evident purpose of explaining how she caught her foot upon the hasp so near defendant's building, that as she was reading this program she had her eyes within an inch of the glass in front of the program, and that the printed portion of the program was about three or four inches inside the glass. Plaintiff testified that while her eyes were in perfect condition and that she never used glasses, always in her reading she held the printed page from four to five inches from her eyes.

Assuming the truth of plaintiff's testimony in this respect, we are of the opinion that, under the proofs in this case, plaintiff did not show such a condition in the maintenance of the defendant's doors and hasp in question as to render the defendant liable to a pedestrian who stumbled over the same. The hasp upon the doors

was obviously for the purpose of permitting the defendant to lock the doors in case it so wished. The hasp was placed upon the extreme inner edge of the doors and in a location where it would not be liable to interfere with pedestrians walking along the street. The hasp was not located at the outer edge of the doors, nor in the middle of the doors, but was placed at the inner edge, with the apparent forethought that it would not constitute an impediment to public travel on the sidewalk. The hasp itself was very small, was round in shape, and described as an inverted letter U. It was only an inch and a half in diameter and extended only that distance above the level surface of the sidewalk. It was located at a point where the owner of the property could not, in our opinion, have anticipated that it would interfere with the pedestrians walking along the sidewalk. Unless the maintenance of this hasp constituted such a defect that a careful and prudent man would reasonably anticipate danger from its existence, as matter of law, one tripping upon it could not recover damages as the result of its maintenance. In *Beltz* v. *City of Yonkers* (148 N. Y. 67), Judge O'BRIEN, writing for the Court of Appeals, said: " But when, as in this case, the defect is so slight that no careful or prudent man would reasonably anticipate any danger from its existence but, still, an accident happens which could have been guarded against by the exercise of extraordinary care and foresight, the question of the defendant's responsibility is one of law. * * * But when an accident happens by reason of some slight defect from which danger was not reasonably to be anticipated, and which, according to common experience, was not likely to happen, it is not chargeable with negligence."

That a pedestrian would catch her foot upon this hasp, insignificant in size, and fall, could not have been anticipated by the defendant with reasonable foresight. Although plaintiff may have received her injuries in the manner which she describes, we do not think that, where a defect exists so slight as in the case at bar, a prudent person would reasonably anticipate danger through its existence. We do not think that the defendant should have reasonably anticipated that any person stopping in front of the program to read the same would stand so close to the building that her foot would come in contact with the hasp as she turned away. The defendant could only be held negligent because it should have anticipated danger from the maintenance of this slight obstruction at the point indicated. In *Lane* v. *City of Buffalo* (232 App. Div. 334), Justice EDGCOMB, writing for the Appellate Division, Fourth Department, said: " Negligence is to be gauged by the ability of one to anticipate danger. The test of actionable negligence is

not what could have been done to have prevented a particular accident, but what a reasonably prudent and careful person would have done under the circumstances in the discharge of his duty to the injured party. Failure to guard against a remote possibility of accident, or one which could not, in the exercise of ordinary care, be foreseen, does not constitute negligence."

In our opinion, the issue presented at the trial was one of law, and should have been determined by the trial court by a dismissal of the complaint. At the close of the plaintiffs' case and again at the close of the evidence, the defendant moved for a dismissal of the complaint for failure to prove any negligence on the part of the defendant. These motions were denied. The court should have granted the motions, and the motion to set aside the verdict as against the law should have been granted.

The judgment appealed from should be reversed, with costs, and the complaint dismissed, with costs.

FINCH, P. J., O'MALLEY, SHERMAN and TOWNLEY, JJ., concur.

Judgment reversed, with costs, and complaint dismissed, with costs.