■ Souleyman Doughim, Respondent, v M & US Property, Inc., et al., Appellants. [990 NYS2d 816]—

In an action to recover damages for personal injuries, the defendants appeal from an order of the Supreme Court, Richmond County (Fusco, J.), dated December 4, 2013, which denied their motion for summary judgment dismissing the complaint.

Ordered that the order is affirmed, with costs.

On July 9, 2010, the plaintiff allegedly was injured when he tripped and fell over a lock that was affixed to a set of sidewalk-level cellar doors. It is undisputed that the cellar doors were adjacent to the front of a store located at 442 86th Street, in Brooklyn. At the time of the accident, the defendant General Nutrition Center, Inc., doing business as GNC Live Well, leased the store, and the defendant M & US Property, Inc., owned the premises. The plaintiff commenced this action alleging that the defendants were negligent in the maintenance of their property. The defendants subsequently moved for summary judgment dismissing the complaint, contending that the lock over which the plaintiff allegedly tripped was not a dangerous condition, was trivial as a matter of law and therefore not actionable, or was open and obvious. The Supreme Court denied the defendants' motion.

An owner or tenant in possession of realty owes a duty to maintain the property in a reasonably safe condition (*Boudreau-Grillo v Ramirez*, 74 AD3d 1265 [2010]; *Cupo v Karfunkel*, 1 AD3d 48, 51 [2003]; *Farrar v Teicholz*, 173 AD2d 674, 676 [1991]). "[W]hether a dangerous or defective condition exists on the property of another so as to create liability depends on the peculiar facts and circumstances of each case and is generally a question of fact for the jury" (*Trincere v County of Suffolk*, 90 NY2d 976, 977 [1997] [internal quotation marks omitted]; *see Nagin v K.E.M. Enters., Inc.*, 111 AD3d 901 [2013]). However, liability will not be imposed for trivial defects which do not constitute a trap or nuisance (*see Dery v K Mart Corp.*, 84 AD3d 1303, 1304 [2011]; *Richardson v JAL Diversified Mgt.*, 73 AD3d 1012, 1013 [2010]; *Joseph v Villages at Huntington Home Owners Assn., Inc.*, 39 AD3d 481 [2007]). "In determining whether a defect is trivial as a matter of law, a court must examine all of the facts presented, including the width, depth, elevation, irregularity, and appearance of the defect, along with the time, place, and circumstances of the injury" (*Fontana v Winery*, 84 AD3d 863, 864-865 [2011] [internal quotation marks omitted]; *see Trincere v County of Suffolk*, 90 NY2d at 978).

While a possessor of real property has a duty to maintain that property in a reasonably safe condition (*see Basso v Miller*, 40 NY2d 233, 241 [1976]; *Milewski v Washington Mut., Inc.*, 88 AD3d 853, 854 [2011]), there is no duty to protect or warn

against an open and obvious condition, which as a matter of law is not inherently dangerous (*see Mathew v A.J. Richard & Sons*, 84 AD3d 1038, 1039 [2011]; *Katz v Westchester County Healthcare Corp.*, 82 AD3d 712, 713 [2011]; *Tyz v First St. Holding Co., Inc.*, 78 AD3d 818, 819 [2010]; *Cupo v Karfunkel*, 1 AD3d at 52). "Whether a hazard is open and obvious cannot be divorced from the surrounding circumstances" (*Katz v Westchester County Healthcare Corp.*, 82 AD3d at 713). "A condition that is ordinarily apparent to a person making reasonable use of his or her senses may be rendered a trap for the unwary where the condition is obscured or the plaintiff is distracted" (*Katz v Westchester County Healthcare Corp.*, 82 AD3d at 713; *see Stoppeli v Yacenda*, 78 AD3d 815, 816 [2010]; *Villano v Strathmore Terrace Homeowners Assn., Inc.*, 76 AD3d 1061, 1062 [2010]).

Here, the defendants failed to establish, prima facie, that the lock, over which the plaintiff allegedly tripped and fell, was not a dangerous condition (*see Jelle v Etfried Realty Corp.*, 266 App Div 981 [1943]; *cf. Kempe v Concourse Realty Corp.*, 237 App Div 708 [1933]). Furthermore, the defendants failed to make a prima facie showing that the lock was trivial and therefore not actionable (*see Deviva v Bourbon St. Fine Foods & Spirit*, 116 AD3d 654 [2014]; *Nagin v K.E.M. Enters., Inc.*, 111 AD3d at 901), or that the lock was open and obvious and not inherently dangerous (*see Stoppeli v Yacenda*, 78 AD3d at 816; *Gradwohl v Stop & Shop Supermarket Co., LLC*, 70 AD3d 634, 637 [2010]). Since the defendants failed to demonstrate their prima facie entitlement to judgment as a matter of law, we need not consider the sufficiency of the plaintiff's opposition papers (*see Alvarez v Prospect Hosp.*, 68 NY2d 320, 324 [1986]).

Accordingly, the Supreme Court properly denied the defendants' motion for summary judgment dismissing the complaint. Eng, P.J., Leventhal, Sgroi and Maltese, JJ., concur.