■ Boris Khanimov, Appellant, v McDonald's Corporation et al., Respondents, et al., Defendants. [995 NYS2d 201]—

In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Kings County (Vaughan, J.), entered September 24, 2012, which granted the motion of the defendants McDonald's Corporation and McDonald's Restaurants of New York, Inc., for summary judgment dismissing the amended complaint insofar as asserted against them.

Ordered that the order is affirmed, with costs to the respondents.

On March 16, 2007, the plaintiff allegedly was injured when he slipped and fell in a McDonald's restaurant located at 82 Court Street in Brooklyn. As a result of his fall, the plaintiff allegedly sustained burns after the hot coffee he had just been served splashed upon him. The plaintiff commenced the instant action to recover damages for personal injuries against, among others, McDonald's Corporation, which was the franchisor for the restaurant and the owner of the premises, and McDonald's Restaurants of New York, Inc., a corporation affiliated with McDonald's Corporation (hereinafter together the McDonald's defendants).

The McDonald's defendants moved for summary judgment dismissing the amended complaint insofar as asserted against them. In an order entered September 24, 2012, the Supreme Court granted the motion. The plaintiff appeals, and we affirm.

Contrary to the plaintiff's contention, the motion of the McDonald's defendants for summary judgment was timely (*see* CPLR 3212 [a]; *Brill v City of New York*, 2 NY3d 648, 651 [2004]).

The Supreme Court correctly granted that branch of the Mc-

Donald's defendants' motion which was for summary judgment dismissing the amended complaint insofar as asserted against McDonald's Corporation. Under New York common law, a landowner "has a duty to maintain his or her premises in a reasonably safe condition" (*Walsh v Super Value, Inc.*, 76 AD3d 371, 375 [2010]; *see Basso v Miller*, 40 NY2d 233 [1976]; *see also Peralta v Henriquez*, 100 NY2d 139, 143-144 [2003]). However, an out-of-possession landlord generally will not be responsible for injuries occurring on its premises unless the landlord "has a duty imposed by statute or assumed by contract or a course of conduct" (*Alnashmi v Certified Analytical Group, Inc.*, 89 AD3d 10, 18 [2011]; *see Rivera v Nelson Realty, LLC*, 7 NY3d 530, 534 [2006]; *Chapman v Silber*, 97 NY2d 9, 19-20 [2001]; *Juarez v Wavecrest Mgt. Team*, 88 NY2d 628, 642 [1996]; *Ritto v Goldberg*, 27 NY2d 887, 889 [1970]).

The McDonald's defendants established, prima facie, that McDonald's Corporation was an out-of-possession landlord on the date of the subject accident, and that it had no duty to maintain or repair the leased premises where the accident occurred. Therefore, the McDonald's defendants met their initial burden of establishing that McDonald's Corporation owed no duty to the plaintiff (*see Alnashmi v Certified Analytical Group, Inc.*, 89 AD3d at 18-19; *Panico v Jiffy Lube Intl., Inc.*, 86 AD3d 553 [2011]; *Ross v Betty G. Reader Revocable Trust*, 86 AD3d 419, 420 [2011]). In opposition, the plaintiff failed to raise a triable issue of fact.

Further, McDonald's Corporation was not liable based upon its status as a franchisor. In determining whether a defendant, as a franchisor, may be held vicariously liable for the acts of its franchisee, the most significant factor is the degree of control that the franchisor maintains over the daily operations of the franchisee or, more specifically, the manner of performing the very work in the course of which the accident occurred (*see Repeti v McDonald's Corp.*, 49 AD3d 1089, 1090 [2008]; *Hart v Marriott Intl.*, 304 AD2d 1057, 1058 [2003]; *Andreula v Steinway Baraqafood Corp.*, 243 AD2d 596 [1997]). Here, the McDonald's defendants tendered sufficient evidence in support of their motion to establish, prima facie, that McDonald's Corporation lacked the requisite control over the alleged causes of the plaintiff's injuries. The plaintiff failed to raise a triable issue of fact in opposition.

In addition, the Supreme Court correctly granted that branch of the motion which was for summary judgment dismissing the amended complaint insofar as asserted against the defendant McDonald's Restaurants of New York, Inc. Liability for a

dangerous condition on property is generally predicated upon ownership, occupancy, control, or special use of the property (*see Mitchell v Icolari*, 108 AD3d 600, 601-602 [2013]; *Nappi v Incorporated Vil. of Lynbrook*, 19 AD3d 565, 566 [2005]). The McDonald's defendants established, prima facie, that McDonald's Restaurants of New York, Inc., did not own, occupy, control, or have a special use of the subject property at the time of the accident and, thus, could not be held liable for injuries caused by the allegedly dangerous conditions (*see Mitchell v Icolari*, 108 AD3d at 601-602; *Gover v Mastic Beach Prop. Owners Assn.*, 57 AD3d 729, 730 [2008]). In opposition, the plaintiff failed to raise a triable issue of fact. Rivera, J.P., Hall, Austin and Roman, JJ., concur.