■ STEVEN DEMILO et al., Respondents-Appellants, v WEINBERG BROTHERS, LLC, Appellant-Respondent. [998 NYS2d 97]—

In an action to recover damages for personal injuries, etc., the defendant appeals, as limited by its brief, from so much of an order of the Supreme Court, Dutchess County (Pagones, J.), dated January 25, 2013, as denied its motion for summary judgment dismissing the complaint, and the plaintiffs cross-appeal from so much of the same order as denied those branches of their motion which were for summary judgment on the issue of liability, for leave to amend the complaint, to direct the defendant to accept service of an amended summons and complaint adding four additional parties as defendants, to strike the defendant's answer for failing to comply with discovery demands, for an award of statutory costs pursuant to CPLR 8106 and 8202, and to impose monetary sanctions against the defendant pursuant to 22 NYCRR 130-1.1 (a).

Ordered that the order is reversed insofar as appealed from, on the law, and the defendant's motion for summary judgment dismissing the complaint is granted; and it is further,

Ordered that the order is affirmed insofar as cross-appealed from; and it is further,

Ordered that one bill of costs is awarded to the defendant.

The plaintiff Steven DeMilo (hereinafter the plaintiff) allegedly sustained personal injuries as he attempted to descend an interior staircase of premises owned by the defendant and leased by the plaintiff's employer. Pursuant to the lease, the landlord was responsible for making structural repairs. The plaintiff testified at his deposition that part of the handrail that he was holding with his left hand became detached, causing him to fall down the staircase. Prior to the accident, the plaintiff regularly used the handrail, and he did not notice anything wrong with it.

"An out-of-possession landlord's duty to repair a dangerous condition on leased premises is imposed by statute or regulation, by contract, or by a course of conduct" (*Mercer v Hellas Glass Works Corp.*, 87 AD3d 987, 988 [2011]; *see Notskas v Longwood Assoc., LLC*, 112 AD3d 599 [2013]; *Lee v Second Ave. Vil. Partners, LLC*, 100 AD3d 601, 602 [2012]; *Lugo v Austin-Forest Assoc.*, 99 AD3d 865 [2012]; *Alnashmi v Certified Analytical Group, Inc.*, 89 AD3d 10 [2011]). In moving for summary judgment, a defendant owner who has a contractual duty to maintain leased premises must establish, prima facie, that it

neither created the alleged hazardous condition nor had actual or constructive notice of the condition (*see Quituizaca v Tucchiarone*, 115 AD3d 924 [2014]; *Salaices v Gar-Ben Assoc.*, 82 AD3d 740 [2011]).

Here, even if the defendant had a duty to maintain the subject handrail, the defendant established its prima facie entitlement to judgment as a matter of law by demonstrating, prima facie, that it neither created the alleged hazardous condition nor had actual or constructive notice of the condition (*see Durri v City of New York*, 95 AD3d 1273 [2012]; *Nelson v Cunningham Assoc., L.P.*, 77 AD3d 638 [2010]; *Powell v Pasqualino*, 40 AD3d 725 [2007]). In opposition, the plaintiffs failed to raise a triable issue of fact.

The plaintiffs' remaining contentions are without merit.

Accordingly, we reverse the order insofar as appealed from, and affirm the order insofar as cross-appealed from. Leventhal, J.P., Hall, Austin and Roman, JJ., concur.