■ Richard Byrd, Respondent, v Brooklyn 46 Realty, LLC, Appellant. [10 NYS3d 642]—

In an action to recover damages for personal injuries, the defendant appeals from an order of the Supreme Court, Kings County (Solomon, J.), dated October 23, 2014, which denied its motion for summary judgment dismissing the complaint.

Ordered that the order is reversed, on the law, with costs, and the defendant's motion for summary judgment dismissing the complaint is granted.

The plaintiff allegedly sustained injuries when he tripped over a cord while working in a kitchen facility operated by his employer, nonparty Taste the Island, Inc. (hereinafter Taste the Island). The cord was covered in sludge, and had been plugged into a large kettle affixed to the floor. The premises in which the kitchen was located were leased by Taste the Island from the defendant pursuant to a lease which had been entered into between the prior owner of the premises and Taste the

Island. The plaintiff commenced this action against the defendant to recover damages for personal injuries. Following discovery, the defendant moved for summary judgment dismissing the complaint. The Supreme Court denied its motion.

An out-of-possession landlord is not liable for injuries that occur on its premises unless the landlord has retained control over the premises and has a "duty [to maintain or repair the premises] imposed by statute or assumed by contract or a course of conduct" (*Alnashmi v Certified Analytical Group, Inc.*, 89 AD3d 10, 18 [2011]; *see Rivera v Nelson Realty, LLC*, 7 NY3d 530, 534 [2006]; *Chapman v Silber*, 97 NY2d 9, 19-20 [2001]; *Mercer v Hellas Glass Works Corp.*, 87 AD3d 987, 988 [2011]; *Robinson v M. Parisi & Son Constr. Co., Inc.*, 51 AD3d 653, 654 [2008]).

Here, the defendant established its prima facie entitlement to judgment as a matter of law. It submitted a copy of the lease, which remained in effect after the sale of the subject premises to the defendant, and governed the rental of the premises to Taste the Island. It also submitted an affidavit and the deposition testimony of its property manager. Taken together, the evidence demonstrated that the defendant was an out-of-possession landlord that did not retain control over the premises and was not obligated under the terms of the lease to perform repairs or maintenance (*see He Shang Wang v 82-90 Broadway Realty Corp.*, 82 AD3d 1158, 1159 [2011]; *Robinson v M. Parisi & Son Constr. Co., Inc.*, 51 AD3d at 653; *Kane v Port Auth. of N.Y. & N.J.*, 49 AD3d 503, 504 [2008]).

In opposition, the plaintiff failed to raise a triable issue of fact. While the defendant retained a right to reenter the premises, the plaintiff failed to allege in his complaint or bill of particulars that the defendant violated any specific statutory provision, or to raise a triable issue of fact as to any such violation (*see McNeil v HMB E. 40th St. Corp.*, 117 AD3d 997, 998 [2014]; *Robinson v M. Parisi & Son Constr. Co., Inc.*, 51 AD3d at 654). He also failed to raise a triable issue of fact as to whether the defendant assumed a duty to repair the premises by virtue of a course of conduct (*see Villarreal v CJAM Assoc., LLC*, 125 AD3d 644 [2015]; *Garcia v Town of Babylon Indus. Dev. Agency*, 120 AD3d 546, 547 [2014]). The plaintiff's affidavit presented what clearly appeared to be feigned issues of fact designed to avoid the consequences of his earlier deposition testimony, and thus was insufficient to defeat the defendant's motion (*see Bardales v VAM Realty Corp.*, 124 AD3d 707, 708 [2015]; *Trapani v Yonkers Racing Corp.*, 124 AD3d 628, 630 [2015]). The plaintiff's remaining contention, questioning the

authenticity of the lease produced by the defendant, is without merit and did not raise a triable issue of fact as to whether the defendant had a contractual duty to maintain and repair the premises.

Accordingly, the Supreme Court should have granted the defendant's motion for summary judgment dismissing the complaint. Skelos, J.P., Dillon, Austin and Hinds-Radix, JJ., concur.