■ Ahmed Yehia, Respondent, v Marphil Realty Corporation, Appellant, et al., Defendant. (And a Third-Party Action.) [13 NYS3d 194]—

In an action to recover damages for personal injuries, the defendant Marphil Realty Corporation appeals from an order of the Supreme Court, Kings County (Solomon, J.), dated June 6, 2013, which denied its motion for summary judgment dismissing the complaint insofar as asserted against it.

Ordered that the order is affirmed, with costs.

The plaintiff allegedly was injured in a fire that occurred on premises owned by the defendant Marphil Realty Corporation (hereinafter Marphil). The defendant 2004 Nahshal Food Corp. (hereinafter Nahshal) leased the property from Marphil and was operating a grocery store on the premises at the time of the fire. The plaintiff was employed at the grocery store and resided in a bedroom located in the rear of the store. The fire broke out while the plaintiff was asleep in his bedroom.

The plaintiff commenced this action to recover damages for injuries he allegedly sustained in the fire. The plaintiff asserted, inter alia, that Marphil was negligent in its ownership and maintenance of the premises and that it violated various fire regulations and occupancy laws. Marphil subsequently moved for summary judgment dismissing the complaint insofar as asserted against it, contending that it was an out-of-possession landlord and that it did not have notice of any of the allegedly defective or dangerous conditions on the premises. The plaintiff opposed Marphil's motion, arguing that Marphil retained sufficient control over the leased premises to impose liability and that Marphil had notice of the allegedly defective or dangerous conditions on the premises. The Supreme Court denied Marphil's motion.

"Generally, a landowner owes a duty of care to maintain his or her property in a reasonably safe condition" (*Gronski v County of Monroe*, 18 NY3d 374, 379 [2011]; *see Alnashmi v Certified Analytical Group, Inc.*, 89 AD3d 10, 14-15 [2011]). "That duty is premised on the landowner's exercise of control over the property, as 'the person in possession and control of property is best able to identify and prevent any harm to others' " (*Gronski v County of Monroe*, 18 NY3d at 379, quoting *Butler v Rafferty*, 100 NY2d 265, 270 [2003]). Accordingly, "a landowner who has transferred possession and control is generally not liable for injuries caused by dangerous conditions on the property" (*Gronski v County of Monroe*, 18 NY3d at 379; *see Alnashmi v Certified Analytical Group, Inc.*, 89 AD3d at 15). However, an out-of-possession landlord may be liable for injuries occurring on the premises if "it has retained control of the premises, is contractually obligated to perform maintenance and repairs, or is obligated by statute to perform such maintenance and repairs" (*Denermark v 2857 W. 8th St. Assoc.*, 111 AD3d 660, 661 [2013]; *see Rivera v Nelson Realty, LLC*, 7 NY3d 530, 534 [2006]; *Guzman v Haven Plaza Hous. Dev. Fund Co.*, 69 NY2d 559, 565-566 [1987]).

Here, Marphil failed to demonstrate, prima facie, its entitle-

ment to judgment as a matter of law. Marphil's submissions in support of its motion included a copy of the lease between it and Nahshal, which gave Marphil the right to reenter the premises "at all times during usual business hours" in order to inspect the premises. The lease also gave Marphil the right to enter the premises to "make repairs and improvements to all parts of the building." Contrary to Marphil's contention, it failed to establish, prima facie, that it "relinquished complete control" over the property such that its duty to maintain the premises in a reasonably safe condition was extinguished as a matter of law (*Gronski v County of Monroe*, 18 NY3d at 381; *see Denermark v 2857 W. 8th St. Assoc.*, 111 AD3d at 661; *Roveto v VHT Enters., Inc.*, 17 AD3d 341, 342 [2005]). Furthermore, contrary to Marphil's contention, it failed to demonstrate that it could not be charged with constructive notice of the regulatory violations alleged by the plaintiff or that such regulations were inapplicable in the absence of actual notice (*see Guzman v Haven Plaza Hous. Dev. Fund Co.*, 69 NY2d at 566-567; *see also Denermark v 2857 W. 8th St. Assoc.*, 111 AD3d at 661; *Roveto v VHT Enters.*, 17 AD3d at 342). Since Marphil failed to sustain its initial burden of demonstrating its prima facie entitlement to judgment as a matter of law, its motion was properly denied without regard to the sufficiency of the papers submitted in opposition (*see Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851, 853 [1985]).

In light of the foregoing, we need not reach the parties' remaining contentions. Balkin, J.P., Austin, Miller and Maltese, JJ., concur.