■ Rawhia Elsayed, Respondent, v Al Farha Corp., Defendant, and T&T Steinway, LLC, Appellant. [20 NYS3d 80]—

In an action to recover damages for personal injuries, the defendant T&T Steinway, LLC, appeals from an order of the Supreme Court, Queens County (Dufficy, J.), entered December 8, 2014, which denied its motion for summary judgment dismissing the complaint and all cross claims insofar as asserted against it.

Ordered that the order is affirmed, with costs.

The plaintiff fell into the opened sidewalk cellar doors of a building owned by the defendant T&T Steinway, LLC (hereinafter T&T). The defendant Al Farha Corp. (hereinafter Al Farha) leased, from T&T, the street-level commercial space adjacent to the cellar doors, where Al Farha operated a delicatessen and grocery at the time of the accident.

The plaintiff commenced this action to recover damages for injuries that she allegedly sustained as a result of the fall. The plaintiff asserted, inter alia, that both Al Farha and T&T were negligent in maintaining the premises and creating a dangerous condition. T&T moved for summary judgment dismissing the complaint and all cross claims insofar as asserted against it, contending that it was an out-of-possession landlord, that it did not have notice of the allegedly dangerous condition on the premises, and that the condition was open and obvious. The plaintiff opposed the motion. Al Farha did not submit any opposition. The Supreme Court denied the motion.

An owner or tenant in possession of realty owes a duty to maintain the property in a reasonably safe condition (*see Yehia v Marphil Realty Corp.*, 130 AD3d 615 [2015]; *Doughim v M & US Prop., Inc.*, 120 AD3d 466, 467 [2014]; *Boudreau-Grillo v Ramirez*, 74 AD3d 1265 [2010]). That duty is premised on the landowner's exercise of control over the property, as the person in possession and control of property is best able to identify and prevent any harm to others (*see Yehia v Marphil Realty Corp.*, 130 AD3d 615 [2015]). Accordingly, "a landowner who has transferred possession and control is generally not liable for injuries caused by dangerous conditions on the property" (*Gronski v County of Monroe*, 18 NY3d 374, 379 [2011]; *see Yehia v Marphil Realty Corp.*, 130 AD3d 615 [2015]).

Here, T&T's submissions in support of its motion for summary judgment included a copy of its lease with Al Farha, which specifically provided that the demised premises did not include the cellar. Thus, the lease demonstrated that T&T retained control over the cellar. Further, the deposition testimony of a member of T&T demonstrated that T&T was responsible for repair of the cellar doors, and that it used a portion of the cellar for its own storage purposes. Under these circumstances, the Supreme Court correctly determined that T&T failed to establish, prima facie, that it was an out-of-possession landlord (*see Figueroa v Gueye*, 66 AD3d 638, 639 [2009]; *cf. Alnashmi v Certified Analytical Group, Inc.*, 89 AD3d 10 [2011]).

Contrary to T&T's contention, it also failed to establish, prima facie, that the condition that allegedly caused the accident was open, obvious, and not inherently dangerous (*see generally Doughim v M & US Prop., Inc.*, 120 AD3d 466, 467-468 [2014]). T&T's submissions failed to eliminate triable issues of fact as to whether the open cellar doors were lying flat on the ground, and as to whether the opening was hidden by grocery merchandise and furniture (*see Doughim v M & US*

*Prop., Inc.*, 120 AD3d at 468; *cf. Olener v JFB Realty LLC*, 2007 NY Slip Op 32543[U] [Sup Ct, NY County 2007]).

Further, T&T failed to establish, prima facie, that it did not create the alleged dangerous condition, or have actual or constructive notice of the condition (*see generally Gordon v American Museum of Natural History*, 67 NY2d 836 [1986]; *cf. Kruger v Donzelli Realty Corp.*, 111 AD3d 897, 898 [2013]; *Figueroa v Gueye*, 66 AD3d 638, 639 [2009]).

Since T&T failed to demonstrate its prima facie entitlement to judgment as a matter of law, it is unnecessary to consider whether the plaintiff's opposition papers were sufficient to raise a triable issue of fact (*see generally Moorer v Amboy Bus Co., Inc.*, 52 AD3d 587, 588 [2008]), or to take into account that Al Farha did not oppose the motion.

Accordingly, the Supreme Court properly denied T&T's motion for summary judgment dismissing the complaint and all cross claims insofar as asserted against it. Hall, J.P., Sgroi, Cohen and Maltese, JJ., concur.