■ KEUM OK HAN, Respondent, v KEMP, PIN & SKI, LLC, Appellant. (And a Third-Party Action.) [36 NYS3d 883]—

In an action to recover damages for personal injuries, the defendant appeals from an order of the Supreme Court, Queens County (Lane, J.), dated June 26, 2015, which denied its motion for summary judgment dismissing the complaint.

Ordered that the order is reversed, on the law, with costs, and the defendant's motion for summary judgment dismissing the complaint is granted.

The plaintiff allegedly was injured when she slipped and fell on ice in the parking lot outside her workplace. The premises were owned by the defendant and were leased to the plaintiff's employer. In seeking to recover damages from the defendant for those injuries, the plaintiff contends that the defendant breached a duty to remove snow and ice from the parking lot. The defendant moved for summary judgment dismissing the complaint on the ground that it was an out-of-possession landlord and had no duty to remove snow and ice. The Supreme Court denied the defendant's motion, and the defendant appeals.

Under New York common law, an out-of-possession landowner retains no general responsibility for keeping leased property in a reasonably safe condition (*see Yaniveth R. v LTD Realty Co.*, 27 NY3d 186 [2016]; *Rivera v Nelson Realty, LLC*, 7 NY3d 530,

534-535 [2006]; *Elsayed v Al Farha Corp.*, 132 AD3d 942, 943 [2015]). The landowner may, however, be held responsible for injuries proximately caused by its breach of a duty imposed by statute or regulation (*see Juarez v Wavecrest Mgt. Team*, 88 NY2d 628, 642 [1996]; *cf. Yaniveth R. v LTD Realty Co.*, 27 NY3d at 193-194), accepted by contract (*see Hernandez v Dunkin Brands Acquisition, Inc.*, 136 AD3d 980, 980 [2016]; *cf. DeMilo v Weinberg Bros., LLC*, 122 AD3d 895, 895-896 [2014]), or assumed through a course of conduct (*see Chapman v Silber*, 97 NY2d 9, 21 [2001]; *Ritto v Goldberg*, 27 NY2d 887, 889 [1970]; *Milham v Port Auth. of N.Y. & N.J.*, 117 AD3d 694, 694-695 [2014]).

Here, the plaintiff alleged that the defendant breached a common-law duty to keep the premises in a reasonably safe condition. The defendant established its prima facie entitlement to judgment as a matter of law by submitting proof that it was an out-of-possession landlord and, thus, had no duty to perform repairs or remove snow and ice from the premises (*see Duggan v Cronos Enters., Inc.*, 133 AD3d 564, 564 [2015]; *Byrd v Brooklyn 46 Realty, LLC*, 129 AD3d 882, 883 [2015]; *Khanimov v McDonald's Corp.*, 121 AD3d 1050, 1051 [2014]). In opposition, the plaintiff failed to raise a triable issue of fact as to whether the defendant had a duty to remove snow or ice under statute or regulation, the terms of the lease, or a course of conduct (*see Duggan v Cronos Enters., Inc.*, 133 AD3d at 564; *Byrd v Brooklyn 46 Realty, LLC*, 129 AD3d at 883; *Khanimov v McDonald's Corp.*, 121 AD3d at 1051). A landlord's reservation of the right to enter property to inspect and make repairs does not in itself give rise to a duty to make repairs (*see Byrd v Brooklyn 46 Realty, LLC*, 129 AD3d at 883; *Martin v I Bldg Co., Inc.*, 126 AD3d 861, 862 [2015]; *Alnashmi v Certified Analytical Group, Inc.*, 89 AD3d 10, 18 [2011]).

Accordingly, the Supreme Court should have granted the defendant's motion for summary judgment dismissing the complaint. Balkin, J.P., Roman, Cohen and Connolly, JJ., concur.