■ Anne C. Casson, as Executor of Peter J. Casson, Deceased, et al., Respondents, v Geraldine McConnell, Appellant. [49 NYS3d 711]—

In an action to recover damages for personal injuries, etc., the defendant appeals from an order of the Supreme Court, Dutchess County (Brands, J.), dated January 15, 2013, which denied her renewed motion for summary judgment dismissing the complaint.

Ordered that the order is affirmed, with costs.

On February 25, 2007, Peter J. Casson (hereinafter the decedent) allegedly slipped and fell on snow and/or ice as he walked on the lawn between the main house and the pool house on the defendant's premises in Lagrangeville, Dutchess County. The decedent was the chief executive officer of PJC Technologies, Inc. (hereinafter PJC). The defendant had leased the 20-acre premises to PJC, and the decedent was living there with his wife and daughter at the time of the accident. The decedent, and his wife suing derivatively, commenced this action against the defendant to recover damages for personal injuries. As pertinent to this appeal, after the completion of discovery, the defendant filed a renewed motion for summary judgment dismissing the complaint, and the Supreme Court denied the motion. The decedent died during the pendency of this appeal, and the executor of his estate has been substituted for him as a plaintiff.

Liability for a dangerous condition on real property is generally predicated upon ownership, occupancy, control, or special use of the subject premises (*see Elsayed v Al Farha Corp.*, 132 AD3d 942, 943 [2015]; *Ruggiero v City Sch. Dist. of New Rochelle*, 109 AD3d 894, 894-895 [2013]; *Nappi v Incorporated Vil. of Lynbrook*, 19 AD3d 565, 566 [2005]; *Boehm v Barnaba*, 7 AD3d 911, 912 [2004]). An out-of-possession landlord is not liable for injuries that occur on its premises unless the landlord has retained control over the premises and has a "duty imposed by statute or assumed by contract or a course of conduct" (*Alnashmi v Certified Analytical Group, Inc.*, 89 AD3d 10, 18 [2011]; *see Byrd v Brooklyn 46 Realty, LLC*, 129 AD3d 882, 883 [2015]; *Seawright v Port Auth. of N.Y. & N.J.*, 90 AD3d 1017, 1017 [2011]). An owner or a party in possession or control of the premises will be held liable for injuries sustained in a slip-and-fall accident involving snow and ice on its premises "only when it created the alleged dangerous condition or had actual or constructive notice of it" (*Smith v New York City Hous. Auth.*, 124 AD3d 625, 625 [2015]; *see Cruz v Rampersad*, 110 AD3d 669 [2013]; *Cantwell v Fox Hill Community Assn., Inc.*, 87 AD3d 1106 [2011]; *Crosthwaite v Acadia Realty Trust*, 62 AD3d 823, 824 [2009]).

Here, the defendant's submissions demonstrated that she owned the premises for approximately five years prior to the accident, and she lived there on and off during that time. She usually leased it to others in the summer months and personally used the premises during the balance of the year. However, beginning in October 2006, she agreed to rent the premises to PJC for the decedent's use for an entire year. The defendant retained the right to enter the premises "to examine" and "to make repairs or alterations," with 24 hours' notice. She first hired nonparty Michael Malloy to perform maintenance around the premises in the summer of 2006 and kept him on to maintain the premises, including snow removal work. Since Malloy had never worked for the defendant during prior winter months, there was no prior course of conduct as to the areas of the premises he would clear of snow. However, the defendant testified at her deposition that she and Malloy were responsible for snow removal. She further testified that, if the decedent asked Malloy to clear "a path [through the snow] between the main house and the pool house," then it would be Malloy's responsibility to do so, notwithstanding the absence of a paved or slate walkway from the main house to the pool house.

The defendant's submissions further demonstrated that there was a snowstorm on February 14, 2007, and there was three to five inches of "snow and ice cover" on the ground for several days leading up to the accident. According to the deposition testimony of the defendant and Malloy, the defendant sent Malloy to the premises to perform snow removal on February 15, 2007, but the decedent prevented him from shoveling and ejected him from the premises. According to the decedent's deposition testimony, however, the decedent specifically and repeatedly asked Malloy to shovel a pathway between the main house and the pool house, but Malloy cleared only a small area in front of the main house. Under these circumstances, including the conflicting accounts of what occurred on February 15, 2007, the defendant failed to establish, prima facie, that she had no duty to remove snow and ice from a portion of the lawn between the main house and the pool house after the February 14, 2007, snowstorm (*cf. Keum Ok Han v Kemp, Pin & Ski, LLC*, 142 AD3d 688, 689 [2016]; *Byrd v Brooklyn 46 Realty, LLC*, 129 AD3d at 883; *Kozak v Broadway Joe's*, 296 AD2d 683, 684 [2002]; *cf. also Alnashmi v Certified Analytical Group, Inc.*, 89 AD3d at 18; *see generally Ritto v Goldberg*, 27 NY2d 887, 889 [1970]).

Further, contrary to the defendant's contention, she failed to demonstrate that the issuance of a certain temporary restrain-

ing order (hereinafter TRO) approximately one week after the February 14, 2007, snowstorm had any bearing on the issue of whether she had a duty to remove snow and ice before the issuance of the TRO. In conjunction with a separate action commenced by PJC against the defendant, the Supreme Court issued the TRO on February 22, 2007, which prohibited the defendant and her agents from entering or attempting to enter the premises. Although the defendant submitted climatological data indicating that two inches of snow or ice accumulated on February 22, 2007, the date of the TRO, her submissions also included sworn statements that no snow fell between the February 14, 2007, snowstorm and February 25, 2007, the date of the accident. Thus, contrary to the defendant's contention, her submissions demonstrated the existence of triable issues of fact as to whether the decedent slipped and fell on snow and ice resulting from the February 14, 2007, snowstorm, and whether she was obligated to remove that snow and ice prior to the issuance of the TRO (*cf. Bernstein v City of New York*, 69 NY2d 1020, 1022 [1987]; *Gray v City of New York*, 33 AD3d 857, 858 [2006]).

In light of the defendant's failure to meet her prima facie burden, her renewed motion for summary judgment was properly denied, regardless of the sufficiency of the papers submitted in opposition (*see Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851, 853 [1985]; *Robinson v Viani*, 140 AD3d 844, 845 [2016]). Mastro, J.P., Austin, Miller and Maltese, JJ., concur.