Vicchiarelli v Cold Spring Hills Realty Co., LLC (2018 NY Slip Op 05619)





Vicchiarelli v Cold Spring Hills Realty Co., LLC


2018 NY Slip Op 05619


Decided on August 1, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on August 1, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
JOHN M. LEVENTHAL
ROBERT J. MILLER
COLLEEN D. DUFFY, JJ.


2016-04112
 (Index No. 4812/14)

[*1]Maureen Vicchiarelli, appellant, 
v
Cold Spring Hills Realty Co., LLC, respondent.


Robert K. Young & Associates, P.C., Merrick, NY (Gary J. Young of counsel), for appellant.
Tromello, McDonnell & Kehoe, Melville, NY (Kevin P. Slattery of counsel), for respondent.



DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Suffolk County (John H. Rouse, J.), dated March 2, 2016. The order, insofar as appealed from, granted the defendant's motion for summary judgment dismissing the complaint.
ORDERED that the order is affirmed insofar as appealed from, with costs.
The defendant, the owner of certain premises located in Woodbury, leased the premises to UPR Care Corp., doing business as Cold Spring Hills Center for Nursing and Rehabilitation (hereinafter Cold Spring Hills). Cold Spring Hills operates a nursing and rehabilitation facility on the premises. On January 13, 2014, the plaintiff, an employee of Cold Spring Hills, slipped on "black ice" in the parking lot of the premises. The plaintiff thereafter commenced this action against the defendant to recover damages for injuries arising out of that fall. The defendant moved for summary judgment dismissing the complaint on the ground, inter alia, that it was an out-of-possession landlord. The Supreme Court granted the motion. The plaintiff appeals, and we affirm.
"An out-of-possession landlord is not liable for injuries that occur on its premises unless the landlord has retained control over the premises and has a duty imposed by statute or assumed by contract or course of conduct'" (Casson v McConnell, 148 AD3d 863, 864, quoting Alnashmi v Certified Analytical Group, Inc., 89 AD3d 10, 18-19). A landlord who has transferred possession and control generally is not liable for injuries caused by dangerous conditions on the property (see Elsayed v Al Farha Corp., 132 AD3d 942, 943; Byrd v Brooklyn 46 Realty, LLC, 129 AD3d 882, 883).
In support of its motion for summary judgment dismissing the complaint, the defendant submitted a copy of the lease between it and Cold Spring Hills. The lease provided that the maintenance of the entire premises, including the parking lot, was the responsibility of Cold Spring Hills. The evidence submitted in support of the motion shows that the defendant was an out-of-possession landlord and that Cold Spring Hills performed the maintenance of the entire premises. [*2]In opposition, the plaintiff failed to raise a triable issue of fact (see Byrd v Brooklyn 46 Realty, LLC, 129 AD3d at 883; Alnashmi v Certified Analytic Group, Inc., 89 AD3d at 19).
The plaintiff's remaining contentions are without merit.
Accordingly, we agree with the Supreme Court's determination granting the defendant's motion for summary judgment dismissing the complaint.
DILLON, J.P., LEVENTHAL, MILLER and DUFFY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court