Miske v Selvaggi (2019 NY Slip Op 06765)





Miske v Selvaggi


2019 NY Slip Op 06765


Decided on September 25, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on September 25, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
JEFFREY A. COHEN
COLLEEN D. DUFFY
LINDA CHRISTOPHER, JJ.


2018-05644
 (Index No. 1821/16)

[*1]Denise Miske, appellant,
v
Carolyn E. Selvaggi, et al., respondents.


Sobo & Sobo, LLP, Middletown, NY (Stephen J. Cole-Hatchard of counsel), for appellant.
Burke, Conway & Dillon, White Plains, NY (Robert S. Gross of counsel), for respondents.



DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Orange County (Sandra B. Sciortino, J.), dated March 30, 2018. The order granted the defendants' motion for summary judgment dismissing the complaint.
ORDERED that the order is reversed, on the law, with costs, and the defendants' motion for summary judgment dismissing the complaint is denied.
The plaintiff leased the first floor of a two-family house in Orange County from the defendants. After the expiration of the lease, the plaintiff continued residing at the property, thereby creating a month-to-month tenancy (see Real Property Law § 232-c). In December 2013, the plaintiff allegedly sustained personal injuries after slipping and falling on an icy condition as she was leaving the subject property. The plaintiff commenced this action against the defendants to recover damages for her personal injuries. The defendants subsequently moved for summary judgment dismissing the complaint, arguing, inter alia, that they were out-of-possession landlords and had no duty to remove snow and ice. In an order dated March 30, 2018, the Supreme Court granted the defendants' motion on that basis. The plaintiff appeals.
An out-of-possession landlord is not liable for injuries that occur on its premises unless the landlord has retained control over the premises and has a "duty imposed by statute or assumed by contract or a course of conduct" (Alnashmi v Certified Analytical Group, Inc., 89 AD3d 10, 18; see Rivera v Nelson Realty, LLC, 7 NY3d 530, 534; Guzman v Haven Plaza Hous. Dev. Fund Co., 69 NY2d 559, 566; Casson v McConnell, 148 AD3d 863, 864). Here, where the complaint sounds in common-law negligence and the plaintiff does not allege the violation of a statute, it was incumbent upon the defendants, to prevail on their motion, to demonstrate that they were not bound by contract or by course of conduct to remove snow and ice from the subject property (see Fuzaylova v 63-28 99th St. Farm Ltd., 161 AD3d 946, 946). "Generally, when a tenant remains in possession [of the leased premises] after the expiration of a lease, pursuant to common law, there is implied a continua[tion] of the tenancy on the same terms and subject to the same covenants as those contained in the original instrument"' (Henderson v Gyrodyne Co. of Am., Inc., 123 AD3d 1091, [*2]1093, quoting City of New York v Pennsylvania R.R. Co., 37 NY2d 298, 300). By failing to submit a copy of the expired lease in support of their motion, the defendants failed to establish, prima facie, that they had no contractual obligation to remove snow and ice from the property (see Michalczuk v Resort Realty Assoc. Partnership, 131 AD3d 457, 457-458; Poole v MCPJF, Inc., 127 AD3d 949, 949; Fuentes v Ardenwood Enters., 74 AD3d 1279, 1279; McClenan v Brancato Iron & Fence Works, 282 AD2d 722, 722-723; cf. Bartels v Eack, 164 AD3d 1202, 1203; Keum Ok Han v Kemp, Pin & Ski, LLC, 142 AD3d 688, 689; Alnashmi v Certified Analytical Group, Inc., 89 AD3d 10, 18-19). Even assuming that neither the plaintiff nor the defendants have a copy of the expired lease in their possession, the defendants inexplicably failed to submit a copy of a lease entered into between them and other tenants of the property, notwithstanding the deposition testimony of the defendant Nicholas E. Sawka that he has rented the property since he purchased it in 1996, that he entered into a lease with each tenant, and that the leases specifically provided that it was the tenants' responsibility to remove snow and ice.
Since the defendants failed to sustain their initial burden of demonstrating their prima facie entitlement to judgment as a matter of law dismissing the complaint, the Supreme Court should have denied the defendants' motion without regard to the sufficiency of the plaintiff's opposition papers (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853).
DILLON, J.P., COHEN, DUFFY and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court