Caceres v Toyota Motor N. Am., Inc. (2023 NY Slip Op 02492)

Caceres v Toyota Motor N. Am., Inc.

2023 NY Slip Op 02492

Decided on May 10, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on May 10, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

BETSY BARROS, J.P.
JOSEPH J. MALTESE
JOSEPH A. ZAYAS
DEBORAH A. DOWLING, JJ.

2020-08580
 (Index No. 505717/18)

[*1]Joan M. Encarnacion Caceres, respondent,
v
Toyota Motor North America, Inc., et al., appellants, et al., defendants.

Eckert Seamans Cherin & Mellott, LLC, White Plains, NY (Steven R. Kramer of counsel), for appellants.
Subin Associates, LLP (Robert J. Eisen and Pollack Pollack Isaac & DeCicco, LLP, New York, NY [Joshua Block], of counsel), for respondent.

DECISION & ORDER
In an action to recover damages for personal injuries, the defendants Toyota Motor North America, Inc., and Toyota Motor Sales U.S.A., Inc., appeal from an order of the Supreme Court, Kings County (Loren Baily-Schiffman, J.), dated October 1, 2020. The order, insofar as appealed from, denied the cross-motion of the defendants Toyota Motor North America, Inc., and Toyota Motor Sales U.S.A., Inc., for summary judgment dismissing the complaint and all cross-claims insofar as asserted against them.
ORDERED that the order is reversed insofar as appealed from, on the law, with costs, and the cross-motion of the defendants Toyota Motor North America, Inc., and Toyota Motor Sales U.S.A., Inc., for summary judgment dismissing the complaint and all cross-claims insofar as asserted against them is granted.
The plaintiff commenced this action to recover damages for injuries he allegedly sustained when the front driver's side wheel of a vehicle that he was operating fell off shortly after being serviced at the defendant Plaza Toyota, a car dealership and service center. The plaintiff moved for summary judgment on the issue of liability against the defendants Plaza Auto Mall, Ltd., and Plaza Automotive, Ltd. The defendants Toyota Motor North America, Inc., and Toyota Motor Sales U.S.A., Inc. (hereinafter TMS, and together with Toyota Motor North America, Inc., the Toyota defendants), cross-moved for summary judgment dismissing the complaint and all cross-claims insofar as asserted against them. Only the plaintiff opposed the cross-motion. In an order dated October 1, 2020, the Supreme Court, inter alia, denied the Toyota defendants' cross-motion. The Toyota defendants appeal.
The Supreme Court erred in denying the Toyota defendants' cross-motion for summary judgment dismissing the complaint and all cross-claims insofar as asserted against them. "In determining whether a defendant, as a franchisor, may be held vicariously liable for the acts of its franchisee, the most significant factor is the degree of control that the franchisor maintains over the daily operations of the franchisee or, more specifically, the manner of performing the very work in the course of which the accident occurred" (Khanimov v McDonald's Corp., 121 AD3d 1050, [*2]1051; see Smith-Hoy v AMC Prop. Evaluations, Inc., 52 AD3d 809, 811).
Here, affidavits submitted by the Toyota defendants in support of their motion established, prima facie, that they lacked the requisite control over the manner in which Plaza Toyota serviced vehicles (see Khanimov v McDonald's Corp., 121 AD3d at 1051). Contrary to the plaintiff's contention, under the circumstances of this case, the Toyota defendants' failure to submit a copy of a dealership agreement between TMS and Plaza Toyota, does not negate TMS's entitlement to summary judgment (cf. Stathis v Estate of Donald Karas, 193 AD3d 897, 899). Moreover, although the affidavits submitted by the Toyota defendants in support of their motion were notarized outside of New York State and not accompanied by certificates of conformity as required by CPLR 2309(c), this was not a fatal defect (see American Express Natl. Bank v Hoffman, 210 AD3d 1039, 1040; Christiana Trust v Moneta, 186 AD3d 1604, 1606; Moore v DL Peterson Trust, 172 AD3d 1058, 1059-1060).
In opposition, the plaintiff failed to raise a triable issue of fact (see Alvarez v Prospect Hosp., 68 NY2d 320, 324). Accordingly, the Supreme Court should have granted the Toyota defendants' motion for summary judgment dismissing the complaint and all cross-claims insofar as asserted against them.
BARROS, J.P., MALTESE, ZAYAS and DOWLING, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court