Plunkett v 519 Gourmet Deli & Grill, Inc., No. 5 (2024 NY Slip Op 06226)

Plunkett v 519 Gourmet Deli & Grill, Inc., No. 5

2024 NY Slip Op 06226

Decided on December 11, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on December 11, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
PAUL WOOTEN
JANICE A. TAYLOR
JAMES P. MCCORMACK, JJ.

2023-09137
 (Index No. 518980/20)

[*1]David Plunkett, appellant, 
v
519 Gourmet Deli & Grill, Inc., No. 5, etc., et al., defendants, 519 Utica, LLC, respondent.

Jerome D. Patterson, P.C., Bayside, NY, for appellant.
Cartafalsa, Turpin & Lenoff, New York, NY (David S. Pasternak of counsel), for respondent.

DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Kings County (Robin K. Sheares, J.), dated July 20, 2023. The order, insofar as appealed from, granted the motion of the defendant 519 Utica, LLC, for summary judgment dismissing the complaint insofar as asserted against it.
ORDERED that the order is affirmed insofar as appealed from, with costs.
On September 28, 2020, the plaintiff visited 519 Gourmet Deli & Grill, Inc., No. 5, a bodega located at 519 Utica Avenue in Brooklyn. During his visit, the plaintiff was using a bathroom inside the bodega, and, as he was washing his hands, he slipped on water on the floor, stumbled forward, and injured, inter alia, his left forearm when it struck a broken and jagged sink. In October 2020, the plaintiff commenced this action to recover damages for personal injuries. In May 2023, the defendant 519 Utica, LLC (hereinafter Utica), moved for summary judgment dismissing the complaint insofar as asserted against it, contending that it was an out-of-possession landlord that owed no duty of care to the plaintiff. In an order dated July 20, 2023, the Supreme Court, among other things, granted Utica's motion. The plaintiff appeals.
"Generally, a landowner owes a duty of care to maintain his or her property in a reasonably safe condition" (Yehia v Marphil Realty Corp., 130 AD3d 615, 616 [internal quotation marks omitted]). However, "[a]n out-of-possession landlord is not liable for injuries that occur on its premises unless the landlord has retained control over the premises and has a duty imposed by statute or assumed by contract or a course of conduct" (Mallet v City of New York, 184 AD3d 633, 633 [internal quotation marks omitted]; see Sandoval v GWKMAR Assoc., LLC., 227 AD3d 923; Myers v Linden Express Deli Corp., 221 AD3d 826). Here, the complaint sounds in common-law negligence, and the pleadings do not allege a violation of a statute (see Sandoval v GWKMAR Assoc., LLC., 227 AD3d at 924; McDonnell v Blockbuster Video, Inc., 203 AD3d 713, 714).
Utica demonstrated its prima facie entitlement to judgment as a matter of law by establishing that it was an out-of-possession landlord and was not bound by contract or course of conduct to maintain the bathroom inside the bodega where the accident occurred (see Sandoval v [*2]GWKMAR Assoc., LLC., 227 AD3d at 924; Myers v Linden Express Deli Corp., 221 AD3d at 827). Utica's responsibility under the lease to make certain repairs to the premises did not defeat its contention that it was an out-of-possession landlord, as it is possible for an out-of-possession landlord to have a limited duty to maintain or repair a leased property in some specific respect while having no responsibility to maintain or repair the leased property in another respect (see McDonnell v Blockbuster Video, Inc., 203 AD3d at 714-715; King v Marwest, LLC, 192 AD3d 874, 876-877). When an out-of-possession landlord retains some control and some contractual duty to make repairs to the leased premises, the question of liability will turn on whether the injury-producing condition fell within the landlord's contractual responsibilities (see Sandoval v GWKMAR Assoc., LLC, 227 AD3d at 924; McDonnell v Blockbuster Video, Inc., 203 AD3d at 714-715).
Accordingly, the Supreme Court properly granted Utica's motion for summary judgment dismissing the complaint insofar as asserted against it.
The plaintiff's remaining contentions either are without merit or need not be addressed in light of our determination.
DILLON, J.P., WOOTEN, TAYLOR and MCCORMACK, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court