RICHARD A. FREIDAH, Appellant, v HAMLET GOLF AND COUNTRY CLUB, Respondent, et al., Defendant. (And a Third-Party Action.) [708 NYS2d 160] —In an action to recover damages for personal injuries, the plaintiff appeals, as limited by his brief, from so much of an order of the Supreme Court, Suffolk County (Doyle, J.), entered June 16, 1999, as granted the motion of the defendant Hamlet Golf and Country Club for summary judgment dismissing the complaint insofar as asserted against it.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, the motion is denied, and the complaint is reinstated insofar as asserted against the defendant Hamlet Golf and Country Club.

The plaintiff was allegedly injured when he fell while attempting to retrieve his car after an evening golf fundraiser on the premises of the defendant Hamlet Golf and Country Club (hereinafter HGCC). The plaintiff's car had been parked by a valet service hired by HGCC, the defendant Parking Systems Valet Services (hereinafter PSVS). The plaintiff alleged, *inter alia*, that he fell when he tripped and/or slipped on a pile or piles of loose dirt near his car which blocked the door from opening fully. After issue was joined and disclosure completed, PSVS moved, and HGCC separately moved, for summary judgment dismissing the complaint. HGCC argued that the alleged dangerous condition arose solely as a result of the manner in which the plaintiff's car had been parked (i.e., too close to a pile or piles of dirt), and therefore, any negligence was committed solely by PSVS. The Supreme Court denied the motion by PSVS but granted the separate motion of HGCC. The denial of the PSVS motion for summary judgment is not at issue on this appeal.

The owner or possessor of property has a duty to maintain the property in a reasonably safe condition and may be held liable for injuries arising from a dangerous condition on the property if such owner or possessor either created the condition, or had actual or constructive notice of it and a reasonable

time within which to remedy it (*see, Basso v Miller,* 40 NY2d 233; *Mercer v City of New York,* 223 AD2d 688, *affd* 88 NY2d 955; *Vazquez v City of New York,* 192 AD2d 522). Here, there are questions of fact, *inter alia,* as to whether the state of the property itself, specifically the pile or piles of dirt, and the alleged lack of adequate lighting, either created or helped to create a dangerous condition, and whether it was a proximate cause of the injuries at issue. Thus, the complaint should not have been dismissed insofar as asserted against HGCC. Ritter, J. P., Sullivan, Altman and Feuerstein, JJ., concur.