■ SHERRY STREIT et al., Appellants, v DTUT et al., Respondents. [753 NYS2d 749] —In an action to recover damages for personal injuries, etc., the plaintiffs appeal from an order and judgment (one paper) of the Supreme Court, Nassau County (DeMaro, J.), dated September 21, 2001, which granted the motion of the defendant DTUT for summary judgment, and dismissed the complaint insofar as asserted against it.

Ordered that the order and judgment is reversed, on the law, with costs, the motion is denied, and the complaint is reinstated insofar as asserted against the defendant DTUT.

The plaintiff Sherry Streit allegedly was injured when she tripped and fell down a step in the defendant's establishment due to a dangerous condition caused by, inter alia, inadequate lighting. She and her husband commenced this action seeking damages for personal injuries, etc. The defendant DTUT moved for summary judgment dismissing the complaint insofar as asserted against it. However, DTUT did not establish its prima facie entitlement to summary judgment. It failed to proffer evi-

dence that the lighting was adequate. Moreover, it did not proffer evidence that inadequate lighting was not a proximate cause of the accident. Further, it did not show that inadequate lighting was a condition that it neither created nor had actual or constructive notice of (*see e.g. Goldfarb v Kzichevsky*, 280 AD2d 583; *Telesco v Bateau*, 273 AD2d 894; *Freidah v Hamlet Golf & Country Club*, 272 AD2d 572; *Garcia v New York City Tr. Auth.*, 269 AD2d 142; *Rivas v Waldbaums Supermarket*, 247 AD2d 600). Accordingly, the motion for summary judgment should have been denied. Ritter, J.P., Goldstein, Luciano and Schmidt, JJ., concur.