■ FRANCISCO BAUTISTA, Respondent, v KYSOR/WARREN et al., Appellants. [947 NYS2d 162]—

In an action to recover damages for personal injuries, the defendants Kysor/Warren and Enodis PLC appeal, and the defendant Expert Mechanical Contracting Co., Inc., separately appeals, as limited by their briefs, from so much of an order of the Supreme Court, Nassau County (Mahon, J.), entered June 24, 2011, as denied their separate motions for summary judgment dismissing the complaint and all cross claims insofar as asserted against them.

Ordered that the order is affirmed, with one bill of costs payable by the defendants appearing separately and filing separate briefs.

On June 24, 2006, the plaintiff was working behind the deli counter in a supermarket when he allegedly slipped and fell on an accumulation of water on the floor. According to the plaintiff, the water came from two nearby refrigeration units. The plaintiff commenced this action to recover damages for personal injuries against the defendants Kysor/Warren and Enodis PLC, which designed and manufactured the refrigeration units, and Expert Mechanical Contracting Co., Inc., which installed and serviced them. The Supreme Court denied the defendants' separate motions for summary judgment dismissing the complaint and all cross claims insofar as asserted against them on the ground that there was an issue of fact as to whether the water

came from the refrigeration units. The defendants appeal and we affirm.

The defendants each failed to make a prima facie showing of their entitlement to judgment as a matter of law dismissing the complaint insofar as asserted against them because they failed to tender sufficient evidence to eliminate all material issues of fact (*see Alvarez v Prospect Hosp.*, 68 NY2d 320, 324 [1986]; *Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851, 852 [1985]). The evidence submitted by the defendants did not establish, as a matter of law, that the water upon which the plaintiff slipped did not come from the refrigeration units. Contrary to the defendants' contentions, the plaintiff's deposition testimony was not incredible as a matter of law, and any conflict in the testimony or evidence presented merely raised an issue of fact for the factfinder to resolve (*see Ferrante v American Lung Assn.*, 90 NY2d 623, 631 [1997]). Accordingly, the separate motions of the defendants for summary judgment dismissing the complaint and cross claims insofar as asserted against each of them were properly denied, regardless of the sufficiency of the plaintiff's opposing papers (*see Winegrad v New York Univ. Med. Ctr.*, 64 NY2d at 853). Dillon, J.P., Balkin, Belen and Chambers, JJ., concur.