Order, Supreme Court, Bronx County (Betty Owen Stinson, J.), entered March 22, 2012, which denied defendant’s motion for summary judgment dismissing the complaint, unanimously affirmed, without costs.
Defendant landlord failed to establish its entitlement to judgment as a matter of law in this action where plaintiff was injured when he tripped and fell on a condition caused by uneven planks on the wooden walkway in front of his apartment. *630 The evidence submitted by defendant which included the deposition testimony of plaintiff, plaintiffs son, defendant’s owner and the building’s superintendent, as well as the photographs of the uneven plank condition, raises factual issues as to whether defendant had constructive notice of the defect (see Taylor v New York City Tr. Auth., 48 NY2d 903 [1979]; Calderon v Noonan Towers Co. LLC, 33 AD3d 495 [1st Dept 2006]). The deposition testimony also precludes a finding as a matter of law that the lighting outside plaintiffs apartment was adequate or that the alleged inadequate lighting was not a proximate cause of the accident (see Swerdlow v WSK Props. Corp., 5 AD3d 587, 588 [2d Dept 2004]; Streit v DTUT, 302 AD2d 450 [2d Dept 2003]). Moreover, the conclusion of defendant’s expert that the lighting was sufficient at the time of the accident is speculative and was based on an inspection of the premises almost two years after the accident (see Santo v Astor Ct. Owners Corp., 248 AD2d 267 [1st Dept 1998]). Concur—Tom, J.P., Andrias, Acosta, Manzanet-Daniels and Román, JJ