■ NANCY L. PALAHNUK et al., Appellants, v TIRO RESTAURANT CORP. et al., Respondents, et al., Defendant. [983 NYS2d 603]—

In an action to recover damages for personal injuries, etc., the plaintiffs appeal from an order of the Supreme Court, Suffolk County (Baisley, Jr., J.), dated July 31, 2012, which granted the motion of the defendants Tiro Restaurant Corp., Lela Realty Corp., and Ricci Restaurant Corp. for summary judgment dismissing the complaint insofar as asserted against them.

Ordered that the order is reversed, on the law, with costs, and the motion is denied.

The injured plaintiff, and her husband suing derivatively, commenced this action after the injured plaintiff allegedly tripped and fell as she was walking along a hallway of a restaurant owned and operated by the defendants Tiro Restaurant Corp., Lela Realty Corp., and Ricci Restaurant Corp. (hereinafter collectively the respondents). After discovery was completed, the respondents moved for summary judgment

dismissing the complaint insofar as asserted against them, contending, among other things, that the injured plaintiff did not know what caused her to fall. The Supreme Court granted the motion.

"In order for a landowner to be liable in tort to a plaintiff who is injured as a result of an allegedly defective condition upon property, it must be established that a defective condition existed and that the landowner affirmatively created the condition or had actual or constructive notice of its existence" (*Lezama v 34-15 Parsons Blvd, LLC*, 16 AD3d 560, 560 [2005]; *see Donnelly v St. Agnes Cathedral Sch.*, 106 AD3d 773, 773 [2013]). A plaintiff's inability in a premises liability case to identify the cause of the fall is fatal to the cause of action because a finding that the defendant's negligence, if any, proximately caused the plaintiff's injuries would be based on speculation (*see Deputron v A & J Tours, Inc.*, 106 AD3d 944, 945 [2013]).

Here, the respondents failed to establish, prima facie, that the injured plaintiff did not know what had caused her to fall. The injured plaintiff testified during her deposition that the lighting in the hallway was so poor that she could hardly see her surroundings and that she kept her hand on the wall to guide her down the hallway. This testimony, which the respondents submitted with their motion, itself demonstrated the existence of a triable issue of fact as to whether the alleged lack of adequate lighting was a proximate cause of the accident (*see Streit v DTUT*, 302 AD2d 450, 450-451 [2003]). Additionally, the respondents failed to establish that they neither created the allegedly dangerous condition nor had actual or constructive notice of it (*see Swerdlow v WSK Props. Corp.*, 5 AD3d 587 [2004]; *Streit v DTUT*, 302 AD2d at 451; *Goldfarb v Kzichevsky*, 280 AD2d 583, 583 [2001]). Since the respondents failed to satisfy their initial burden of establishing their prima facie entitlement to judgment as a matter of law, their motion should have been denied without regard to the papers submitted in opposition (*see Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851, 853 [1985]; *Qader v Babayev*, 98 AD3d 1013, 1014-1015 [2012]; *Frank v CPG Partners, L.P.*, 96 AD3d 900, 901 [2012]). Mastro, J.P., Balkin, Miller and LaSalle, JJ., concur.