█ Carol A. Hecht, Respondent, v Kim P. Saccoccio, as Executrix of Rosemarie A. Colonna, Deceased, Appellant. [989 NYS2d 913]—

In an action to recover damages for personal injuries, the defendant appeals from an order of the Supreme Court, Suffolk County (Garguilo, J.), dated May 31, 2013, which denied her motion for summary judgment dismissing the complaint.

Ordered that the order is affirmed, without costs or disbursements.

The plaintiff alleges that she tripped and fell over a dislodged or loose piece of slate tile on an exterior step abutting premises owned by the defendant's decedent. After the completion of discovery, the defendant moved for summary judgment dismissing the complaint. The Supreme Court denied the motion.

To demonstrate prima facie entitlement to judgment as a matter of law in a premises liability case, a defendant owner must establish that it did not create the condition that allegedly caused the fall or have actual or constructive notice of that condition (*see Gordon v American Museum of Natural History*, 67 NY2d 836, 837 [1986]). Only after the defendant has satisfied his or her threshold burden will the court examine the sufficiency of the plaintiff's opposition (*see Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851 [1985]). On a defendant's motion for summary judgment, it is not the plaintiff's burden in opposing the motion to establish that the defendants had actual or constructive notice of the hazardous condition; rather, it is the defendant's burden to establish the lack of notice as a matter of law (*see Giuffrida v Metro N. Commuter R.R. Co.*, 279 AD2d 403, 404 [2001]). Thus, a defendant seeking summary judgment dismissing the complaint based on the lack of notice must establish, prima facie, the absence of notice (*see Goldin v Riker*, 273 AD2d 197, 198 [2000]).

Here, the defendant failed to establish, as a matter of law, that her decedent had neither actual nor constructive notice of the allegedly defective condition (*see Garris v Lindemann*, 117 AD3d 785 [2014]; *Seabury v County of Dutchess*, 38 AD3d 752 [2007]). Furthermore, contrary to the defendant's alternate contention, the defendant's submissions on the motion failed to establish that the condition complained of was neither defective nor dangerous as a matter of law (*see Pellegrino v Trapasso*, 114 AD3d 917 [2014]).

Accordingly, the Supreme Court properly denied the defendant's motion for summary judgment dismissing the complaint. Dickerson, J.P., Leventhal, Cohen and Hinds-Radix, JJ., concur.