■ ANNA REYDMAN, Respondent, v PARADISE II RESORTS, INC., Appellant. [999 NYS2d 90]—

In an action, inter alia, to recover damages for personal injuries, the defendant appeals, as limited by its brief, from so much of an order of the Supreme Court, Kings County (Graham, J.), dated July 8, 2013, as denied its cross motion for summary judgment dismissing the complaint.

Ordered that the order is affirmed insofar as appealed from, with costs.

The plaintiff allegedly sustained personal injuries when, during a power outage, she fell from an allegedly defective exterior staircase of a building owned by the defendant. The defendant cross-moved for summary judgment dismissing the complaint, and the Supreme Court denied the cross motion.

A landowner has a duty to maintain his or her premises in a reasonably safe manner (*see Basso v Miller*, 40 NY2d 233 [1976]). "In order for a landowner to be liable in tort to a plaintiff who is injured as a result of an allegedly defective condition upon property, it must be established that a defective condition existed and that the landowner affirmatively created the condition or had actual or constructive notice of its existence" (*Lezama v 34-15 Parsons Blvd, LLC*, 16 AD3d 560, 560 [2005]; *see Friedman v 1753 Realty Co.*, 117 AD3d 781 [2014]).

Here, the defendant initially contends that the subject staircase was not in a defective condition. However, it failed to establish its prima facie entitlement to judgment as a matter of law on that issue, as, in support of its cross motion, it submitted conflicting evidence as to whether the staircase was in a

defective condition (*see Hecht v Saccoccio*, 120 AD3d 474 [2014]; *Sahni v Kitridge Realty Co., Inc.*, 114 AD3d 837, 838 [2014]). In the alternative, the defendant argues that if the subject staircase was defective, it did not create the defect or have actual or constructive notice of it. However, it failed to meet its prima facie burden on this issue, as it submitted conflicting evidence as to whether it had constructive notice of the alleged defect (*see Moore v Great Atl. & Pac. Tea Co., Inc.*, 117 AD3d 695 [2014]; *Grizzell v JQ Assoc., LLC*, 110 AD3d 762 [2013]; *Gyokchyan v City of New York*, 106 AD3d 780 [2013]; *Bautista v Kysor/Warren*, 96 AD3d 982 [2012]).

The defendant's remaining contentions are without merit.

As the defendant failed to establish its prima facie entitlement to judgment as a matter of law, we need not consider the sufficiency of the plaintiff's opposition papers (*see Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851, 853 [1985]). Accordingly, the Supreme Court properly denied the defendant's cross motion for summary judgment dismissing the complaint. Eng, P.J., Cohen, Hinds-Radix and LaSalle, JJ., concur.