**17** BRENDAN PATRICK GUILFOYLE, JR., Respondent, v VED PARKASH, Defendant, and AISHA PARKASH, Appellant. [1 NYS3d 188]—

In an action to recover damages for personal injuries, the defendant Aisha Parkash appeals from an order of the Supreme Court, Dutchess County (Pagones, J.), dated March 17, 2014, which denied her motion for summary judgment dismissing the complaint insofar as asserted against her.

Ordered that the order is affirmed, with costs.

On May 30, 2011, at around midnight, the plaintiff allegedly sustained personal injuries when he stepped off a retaining wall on the outdoor premises of a residence in Putnam County owned by the defendant Ved Parkash. The plaintiff alleges that he could not see the retaining wall at the time of the accident due to a lack of illumination. On the night of the accident, Ved Parkash's daughter, the defendant Aisha Parkash (hereinafter the appellant), who was then 17 years old, was hosting a party at the residence. The plaintiff's bill of particulars alleges that the appellant was negligent in "caus[ing] a dangerous condition to arise by switching off the lights on the soffit of the porch fronting the lawn and on the side of the house and on the post

lamp situated on the lawn." After depositions had been conducted, the appellant moved for summary judgment on the grounds that she did not create the allegedly dangerous condition by turning off the lights, and that she did not have actual or constructive notice that the lights had allegedly been turned off.

" 'A defendant who moves for summary judgment in a premises liability case has the initial burden of making a prima facie showing that it neither created the hazardous condition nor had actual or constructive notice of its existence for a sufficient length of time to discover and remedy it' " (*Abrams v Berelson*, 94 AD3d 782, 790 [2012], quoting *Bloomfield v Jericho Union Free School Dist.*, 80 AD3d 637, 638 [2011]).

Here, in support of her motion for summary judgment, the appellant submitted a transcript of her deposition testimony. She testified that the subject lights were turned on at the time of the accident, and that she was the only person who had access to the light switches. In addition, the appellant submitted the plaintiff's deposition testimony that the subject lights were on when he arrived at the residence, but that they had been turned off when he fell off the retaining wall as he attempted to walk back to his car.

The plaintiff's testimony that the lights were off at the time of the accident, combined with the appellant's testimony that she was the only person with access to the subject light switches, demonstrates the existence of a triable issue of fact as to whether the appellant turned off the lights. Accordingly, the appellant failed to sustain her burden of establishing, prima facie, that she did not create the allegedly dangerous condition by turning off the lights (*see Palahnuk v Tiro Rest. Corp.*, 116 AD3d 748 [2014]; *Streit v DTUT*, 302 AD2d 450, 451 [2003]; *Telesco v Bateau*, 273 AD2d 894, 894 [2000]; *Freidah v Hamlet Golf & Country Club*, 272 AD2d 572, 573 [2000]). Since the appellant failed to satisfy her initial burden of establishing her prima facie entitlement to judgment as a matter of law, the Supreme Court properly denied her motion for summary judgment dismissing the complaint insofar as asserted against her, regardless of the sufficiency of the opposing papers (*see Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851, 853 [1985]). Rivera, J.P., Skelos, Dickerson and Barros, JJ., concur.