■ Peter A. Martin, Respondent, v I Bldg Co., Inc., et al., Defendants/Third-Party Plaintiffs-Appellants, Mallah Management, LLC, Appellant, and 205 East 38th Street Parking, LLC, Respondent. Vertical Maintenance & Repair, Inc., Third-Party Defendant-Respondent. [6 NYS3d 105]—

In an action to recover damages for personal injuries, the defendants/third-party plaintiffs I Bldg Co., Inc., and Surfside Investment Company, and the defendant Mallah Management, LLC, appeal from an order of the Supreme Court, Queens County (Lane, J.), entered March 18, 2013, which denied their motion for summary judgment dismissing the complaint and all cross claims insofar as asserted against them.

Ordered that the order is modified, on the law, by deleting the provision thereof denying those branches of the motion which were for summary judgment dismissing the complaint and all cross claims insofar as asserted against I Bldg Co., Inc., and Surfside Investment Company, and substituting therefor a provision granting those branches of the motion; as so modified, the order is affirmed, without costs or disbursements.

The plaintiff allegedly was injured when his right leg went through the roof of a building owned by the defendants/third-party plaintiffs, I Bldg Co., Inc. (hereinafter I Bldg), and Surfside Investment Company (hereinafter Surfside), which was leased to the defendant 205 East 38th Street Parking, LLC (hereinafter the tenant), and managed by the defendant Mallah Management, LLC (hereinafter Mallah). I Bldg, Surfside, and Mallah (hereinafter collectively the building defendants) moved for summary judgment dismissing the complaint and all cross claims insofar as asserted against them. The Supreme Court denied the motion, and the building defendants appeal.

The Supreme Court erred in denying those branches of the building defendants' motion which were for summary judgment dismissing the complaint and all cross claims insofar as asserted against I Bldg and Surfside. "An out-of-possession landlord can be held liable for injuries that occur on its premises only if the landlord has retained control over the premises and if the landlord is contractually or statutorily obligated to repair or maintain the premises or has assumed a duty to repair or maintain the premises by virtue of a course of conduct" (*Wenzel v 16302 Jamaica Ave., LLC*, 115 AD3d 852,

852 [2014]). Here, the building defendants established, prima facie, that I Bldg and Surfside were out-of-possession landlords with no contractual obligation by submitting the lease, which obligated the tenant to maintain the premises and make all structural and nonstructural repairs (*see Travers v RCPI Landmark Props., LLC*, 74 AD3d 956, 957-958 [2010]; *Mejia v Era Realty Co.*, 69 AD3d 816, 817 [2010]; *Stein v Harriet Mgt., LLC*, 51 AD3d 1007, 1008 [2008]). Although I Bldg and Surfside retained a right to enter the premises, the plaintiff failed to raise a triable issue of fact as to whether the allegedly dangerous condition on the premises violated an applicable statutory provision sufficient to impose liability upon them (*see Wenzel v 16302 Jamaica Ave., LLC*, 115 AD3d at 853; *see generally Guzman v Haven Plaza Hous. Dev. Fund Co.*, 69 NY2d 559, 566-567 [1987]). The plaintiff did not contend that the building defendants assumed a duty to repair the premises by virtue of a course of conduct. Accordingly, the Supreme Court should have granted that branch of the building defendants' motion which was for summary judgment dismissing the complaint and all cross claims insofar as asserted against I Bldg and Surfside.

The Supreme Court properly denied that branch of the building defendants' motion which was for summary judgment dismissing the complaint and all cross claims insofar as asserted against Mallah, which managed the premises. To prevail on a motion for summary judgment in a premises liability case, a defendant in possession or control of real property has the initial burden of making a prima facie showing that it "neither created the alleged defective condition nor had actual or constructive notice of its existence" (*Pampalone v FBE Van Dam, LLC*, 123 AD3d 988, 989 [2014]; *see Guilfoyle v Parkash*, 123 AD3d 1088 [2014]; *Bloomfield v Jericho Union Free School Dist.*, 80 AD3d 637, 638 [2011]). Here, the building defendants failed to establish their prima facie entitlement to judgment as a matter of law dismissing the complaint and all cross claims insofar as asserted against Mallah, as the building defendants submitted conflicting evidence as to whether Mallah had notice of the allegedly dangerous condition (*see Beharovic v 18 E. 41st St. Partners, Inc.*, 123 AD3d 953 [2014]; *Reydman v Paradise II Resorts, Inc.*, 123 AD3d 789 [2014]; *Hecht v Saccoccio*, 120 AD3d 474, 475 [2014]). Since the building defendants failed to satisfy their initial burden with respect to Mallah, that branch of their motion should have been denied, regardless of the sufficiency of the opposition papers (*see Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851, 853 [1985]). Rivera, J.P., Chambers, Miller and Duffy, JJ., concur.