■ JOSEPH RICHICHI, Respondent, v CVS PHARMACY et al., Appellants. [7 NYS3d 398]—

In an action to recover damages for personal injuries, the defendants appeal from an order of the Supreme Court, Kings County (Rothenberg, J.), dated May 22, 2014, which denied their motion for summary judgment dismissing the complaint.

Ordered that the order is affirmed, with costs.

The plaintiff allegedly slipped and fell on an interior staircase in a CVS store located at 2151 86th Street in Brooklyn (hereinafter the premises). At the time of the accident, the defendant CVS Pharmacy (hereinafter CVS) was the lessee of the premises, and the defendant W.L.P. Realty Co. (hereinafter WLP) was the owner of the premises. The plaintiff commenced this action against CVS and WLP, alleging that they were negligent in their maintenance of the premises. The defendants moved for summary judgment dismissing the complaint, and the Supreme Court denied the motion.

Contrary to the defendants' contention, they failed to demonstrate their prima facie entitlement to judgment as a matter of law on the ground that the plaintiff was unable to identify the cause of his accident without resorting to speculation (see *Martino v Patmar Props., Inc.*, 123 AD3d 890 [2014]; *Palahnuk v Tiro Rest. Corp.*, 116 AD3d 748 [2014]). In support of their motion, the defendants relied upon, inter alia, the plaintiff's deposition testimony, wherein he clearly testified that he was caused to fall when he slipped on a wet step which appeared to him to have just been mopped with a chemical cleaning agent.

Moreover, CVS also failed to demonstrate, in support of the

motion, that it did not create the wet condition which caused the accident or that it lacked notice of said condition (*see Garcia-Monsalve v Wellington Leasing, L.P.*, 123 AD3d 1085 [2014]; *Rodriguez v Shoprite Supermarkets, Inc.*, 119 AD3d 923 [2014]; *Rogers v Bloomingdale's, Inc.*, 117 AD3d 933, 934 [2014]). With respect to any question pertaining to the absence of a handrail on the right side of the staircase, and whether this was a proximate cause of the accident or the plaintiff's injuries, CVS failed to demonstrate that a handrail existed on the right side of the staircase on the date of the accident or that the absence of a handrail on the right side of the staircase was not a proximate cause of the plaintiff's accident and/or his injuries (*see Palmer v Prima Props., Inc.*, 101 AD3d 1094 [2012]; *Wajdzik v YMCA of Greater N.Y.*, 65 AD3d 586 [2009]).

Furthermore, the Supreme Court correctly declined to award summary judgment to WLP in this case. Contrary to WLP's contention, it failed to demonstrate its prima facie entitlement to judgment as a matter of law, since the evidence it presented in support of the motion failed to show that it was an out-of-possession landlord. WLP failed to provide a copy of the lease in support of the motion and, thus, failed to demonstrate its lack of control or contractual obligation to maintain the premises including the staircase at issue (*see Azumally v 16 W. 19th LLC*, 79 AD3d 922 [2010]; *Lalicata v 39-15 Skillman Realty Co., LLC*, 63 AD3d 889 [2009]; cf. *Wenzel v 16302 Jamaica Ave., LLC*, 115 AD3d 852 [2014]).

Since the defendants failed to demonstrate their prima facie entitlement to judgment as a matter of law, the burden never shifted to the plaintiff to raise a triable issue of fact as to either appellant (*see Alvarez v Prospect Hosp.*, 68 NY2d 320, 324 [1986]). Balkin, J.P., Hall, Roman and Cohen, JJ., concur.