■ ANNA MICHALCZUK et al., Respondents, v RESORT REALTY ASSOCIATES PARTNERSHIP, Appellant, et al., Defendants. [13 NYS3d 902]—

In an action to recover damages for personal injuries, etc., the defendant Resort Realty Associates Partnership appeals, as limited by its brief, from so much of an order of the Supreme Court, Kings County (Bayne, J.), entered September 24, 2014, as denied its motion for summary judgment dismissing the complaint insofar as asserted against it.

Ordered that the order is affirmed insofar as appealed from, with costs.

The injured plaintiff allegedly sustained injuries at her place of employment. Her employer was a sublessee of the building where the subject accident occurred, which was owned by the defendant Resort Realty Associates Partnership (hereinafter RRAP). The injured plaintiff, and her husband suing derivatively, commenced this action against RRAP. RRAP moved for summary judgment dismissing the complaint insofar as asserted against it, contending that it had no duty to maintain the premises and that it did not create the alleged hazardous condition that caused the accident, or have actual or constructive notice thereof. In the order appealed from, the Supreme Court, among other things, denied the motion. We affirm the order insofar as appealed from.

"An out-of-possession landlord can be held liable for injuries that occur on its premises only if the landlord has retained control over the premises and if the landlord is contractually or statutorily obligated to repair or maintain the premises or has assumed a duty to repair or maintain the premises by virtue of a course of conduct" (*Wenzel v 16302 Jamaica Ave., LLC*, 115 AD3d 852, 852 [2014]; *see Martin v I Bldg Co., Inc.*, 126 AD3d 861 [2015]; *Alnashmi v Certified Analytical Group, Inc.*, 89 AD3d 10, 15 [2011]). Here, in support of its motion, RRAP failed to provide a complete copy of the lease between it and its tenant. Hence, RRAP failed to establish, prima facie, that it

ceded control over, or lacked a contractual obligation to maintain, the premises (*see Richichi v CVS Pharmacy*, 127 AD3d 951 [2015]; *Rodriguez v Sol Goldman Invs., LLC*, 115 AD3d 659, 660 [2014]; *Lalicata v 39-15 Skillman Realty Co., LLC*, 63 AD3d 889, 890 [2009]). Contrary to RRAP's contention, it also failed to establish, prima facie, that the lease with its tenant was, in effect, a mortgage agreement (*cf. Garcia v Dormitory Auth. of State of N.Y.*, 195 AD2d 288 [1993]; *Bowles v City of New York*, 154 AD2d 324 [1989]). Finally, RRAP failed to establish, prima facie, that it did not create the alleged hazardous condition or have actual or constructive notice thereof (*see Gordon v American Museum of Natural History*, 67 NY2d 836 [1986]).

Since RRAP failed to meet its initial burden as the movant, it is not necessary to review the sufficiency of the plaintiffs' opposition papers (*see Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851 [1985]).

Accordingly, the Supreme Court properly denied RRAP's motion for summary judgment dismissing the complaint insofar as asserted against it. Mastro, J.P., Austin, Roman and Sgroi, JJ., concur.