■ Monica Steed, Appellant, v MVA Enterprises, LLC, et al., Respondents. [26 NYS3d 98]—

In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Kings County (Silber, J.), dated March 19, 2015, which granted the defendants' motion for summary judgment dismissing the complaint.

Ordered that the order is reversed, on the law, with costs, and the defendants' motion for summary judgment dismissing the complaint is denied.

The plaintiff allegedly was injured when she fell while attending a party on the defendants' premises. She testified at her deposition that the defendants directed guests to go out to the rear parking lot to smoke. She testified that the area was very dark, and was strewn with pebbles, sticks, and rocks. The plaintiff fell when something got caught between her heel and

the rest of her shoe. She couldn't see what she fell on because it was so dark. After the accident, the plaintiff commenced this action against the defendants. The defendants moved for summary judgment dismissing the complaint, contending that the parking lot was not in a defective condition, that the plaintiff was unable to identify the cause of her fall, and that they did not create any hazardous conditions or have actual or constructive notice thereof. The Supreme Court granted the motion, and the plaintiff appeals.

"In order for a landowner to be liable in tort to a plaintiff who is injured as a result of an allegedly defective condition upon property, it must be established that a defective condition existed and that the landowner affirmatively created the condition or had actual or constructive notice of its existence" (*Lezama v 34-15 Parsons Blvd, LLC*, 16 AD3d 560, 560 [2005]; *see Palahnuk v Tiro Rest. Corp.*, 116 AD3d 748, 749 [2014]; *Donnelly v St. Agnes Cathedral Sch.*, 106 AD3d 773 [2013]). In a premises liability case, a plaintiff's inability to identify the cause of the fall is fatal to the cause of action because a finding that the defendant's negligence, if any, proximately caused the plaintiff's injuries would be based on speculation (*see Deputron v A & J Tours, Inc.*, 106 AD3d 944 [2013]). "Absent a hazardous condition or other circumstance giving rise to an obligation to provide exterior lighting for a particular area, landowners are generally not required 'to illuminate their property during all hours of darkness' " (*Miller v Consolidated Rail Corp.*, 9 NY3d 973, 974 [2007], quoting *Peralta v Henriquez*, 100 NY2d 139, 145 [2003]).

Contrary to the defendants' contention, having directed guests to use the rear parking lot as a smoking area, they had a duty to provide adequate illumination (*see Miller v Consolidated Rail Corp.*, 9 NY3d at 974; *Peralta v Henriquez*, 100 NY2d at 144). The defendants failed to establish, prima facie, that the parking lot was adequately illuminated (*see Conneally v Diocese of Rockville Ctr.*, 116 AD3d 905, 906 [2014]; *Palahnuk v Tiro Rest. Corp.*, 116 AD3d at 749; *Streit v DTUT*, 302 AD2d 450, 450-451 [2003]; *Freidah v Hamlet Golf & Country Club*, 272 AD2d 572, 573 [2000]). Contrary to the defendants' further contention, the plaintiff was able to identify what had caused her to fall (*see Lamour v Decimus*, 118 AD3d 851, 852 [2014]; *Palahnuk v Tiro Rest. Corp.*, 116 AD3d at 749; *Hadgraft v Morin*, 94 AD3d 701 [2012]). Additionally, the defendants failed to establish, prima facie, that they did not create the alleged hazardous condition of the parking lot or have actual or constructive notice thereof (*see Arzola v Boston Props. Ltd.*

*Partnership*, 63 AD3d 655 [2009]; *Birnbaum v New York Racing Assn., Inc.*, 57 AD3d 598, 598-599 [2008]; *Streit v DTUT*, 302 AD2d at 451). Since the defendants failed to meet their initial burden as the movants, it is not necessary to review the sufficiency of the plaintiff's opposition papers (*see Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851, 853 [1985]).

Accordingly, the Supreme Court should have denied the defendants' motion for summary judgment dismissing the complaint. Eng, P.J., Mastro, Cohen and Miller, JJ., concur.