Stancarone v Sullivan (2018 NY Slip Op 08344)





Stancarone v Sullivan


2018 NY Slip Op 08344


Decided on December 5, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 5, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
JOHN M. LEVENTHAL
SANDRA L. SGROI
ANGELA G. IANNACCI, JJ.


2017-00391
 (Index No. 34783/14)

[*1]Joseph Stancarone, et al., appellants, 
v
Hugh Sullivan, et al., respondents.


Scaffidi & Associates, New York, NY (Anthony J. Scaffidi of counsel), for appellants.
Cuomo LLC, Mineola, NY (Matthew A. Cuomo of counsel), for respondents.



DECISION & ORDER
In an action to recover damages for personal injuries, etc., the plaintiffs appeal from an order of the Supreme Court, Rockland County (Victor J. Alfieri, Jr., J.), dated December 30, 2016. The order, insofar as appealed from, granted those branches of the defendants' motion which were for summary judgment dismissing the cause of action to recover damages for common-law negligence, so much of the cause of action to recover damages pursuant to General Municipal Law § 205-e as was predicated upon violations of Property Maintenance Code of New York State (2010) §§ 302.3 and 306.1, and the cause of action to recover damages for loss of services, and denied that branch of the plaintiffs' cross motion which was for summary judgment on the issue of liability on so much of their cause of action to recover damages pursuant to General Municipal Law § 205-e as was predicated upon violations of Property Maintenance Code of New York State (2010) §§ 302.3 and 306.1.
ORDERED that the order is modified, on the law, by deleting the provision thereof granting those branches of the defendants' motion which were for summary judgment dismissing the cause of action to recover damages for common-law negligence, so much of the cause of action to recover damages pursuant to General Municipal Law § 205-e as was predicated upon violations of Property Maintenance Code of New York State (2010) §§ 302.3 and 306.1, and the cause of action to recover damages for loss of services, and substituting therefor a provision denying those branches of the defendants' motion; as so modified, the order is affirmed insofar as appealed from, without costs or disbursements.
In this action, the plaintiffs seek to recover damages for injuries the plaintiff Joseph Stancarone (hereinafter the injured plaintiff) alleges he sustained when he slipped and fell on the defendants' residential property while performing his assigned duties as a police officer. The complaint and bill of particulars asserted, inter alia, causes of action to recover damages for common-law negligence and pursuant to General Municipal Law § 205-e predicated upon violations of Property Maintenance Code of New York State (2010) §§ 302.3 and 306.1.
The defendants moved for summary judgment dismissing the complaint, submitting, among other things, the deposition testimony of the injured plaintiff and of the defendant Hugh Sullivan, and a certified weather report from the date of the incident. The injured plaintiff testified [*2]in relevant part that at the time of his fall on November 9, 2011, he was patrolling the defendants' property pursuant to the defendants' request for such a patrol due to their extended absence from the premises and reports of trespassers on the property. The injured plaintiff testified that he fell while descending a flight of steps in the defendants' backyard. According to the injured plaintiff, the steps were illuminated only by the flashlight that he was carrying. He further testified that after his fall, he observed a "slimy almost like dead moss or ice-like substance" covering the step upon which he had slipped. He also testified that he "went to [his] right side as to reach for a railing," but he did not remember a railing being there. Sullivan testified that while the defendants were away from the property, they employed others to "keep[ ] an eye on the house," including landscapers who "would do whatever needed to be done to maintain the . . . exterior of the property." He further testified that there was lighting around the pathways on the property at "key junctures and areas, like steps," and that moss generally tended not to accumulate on the steps. The certified weather reports submitted by the defendants reflected that the temperature at the time of the incident was above freezing.
The plaintiffs opposed the defendants' motion for summary judgment and cross-moved for summary judgment on the issue of liability on their General Municipal Law § 205-e cause of action. The Supreme Court granted the defendants' motion and denied the plaintiffs' cross motion. The plaintiffs appeal.
We disagree with the Supreme Court's determination that the defendants demonstrated their prima facie entitlement to judgment as a matter of law dismissing the cause of action to recover damages for common-law negligence, since the defendants failed to establish, prima facie, that the injured plaintiff did not know what caused him to fall (see Pickles v Hyde Park Cent. Sch. Dist., 164 AD3d 701, 701; Pajovic v 94-06 34th Rd. Realty Co., LLC, 152 AD3d 781, 781; Kelly v Mall at Smith Haven, LLC, 148 AD3d 792, 794; Drouillard v Smarr, 136 AD3d 973, 973-974). The injured plaintiff's mere inability to identify the precise nature of the slippery substance upon which he alleges he fell "cannot be equated with" a failure to identify the cause of his fall (Giuffrida v Metro N. Commuter R.R. Co., 279 AD2d 403, 404; see Gotay v New York City Hous. Auth., 127 AD3d 693, 694-695; Kurtz v Supercuts, Inc., 127 AD3d 546, 546; Pol v Gjonbalaj, 125 AD3d 955, 955-956). The defendants also failed to establish, prima facie, that they lacked constructive notice of the alleged hazardous substance on the step (see Lipani v Hiawatha Elementary Sch., 153 AD3d 1247, 1249-1250; Reydman v Paradise II Resorts, Inc., 123 AD3d 789, 789-790; Hecht v Saccoccio, 120 AD3d 474, 475), that the lighting for the area was adequate, and that the lack of a handrail on the steps was not a hazardous condition that may have been a proximate cause of the injuries (see generally Hotzoglou v Hotzoglou, 221 AD2d 594, 594).
Moreover, we disagree with the Supreme Court's determination granting that branch of the defendants' motion which was for summary judgment dismissing the cause of action to recover damages pursuant to General Municipal Law § 205-e to the extent that it was predicated upon violations of Property Maintenance Code of New York State (2010) §§ 302.3 and 306.1. Contrary to the defendants' contention, Property Maintenance Code of New York State (2010) § 302.3, which requires, inter alia, that stairs be "maintained free from hazardous conditions," may serve as a predicate for liability under General Municipal Law § 205-e (see Lewis v Palazzolo, 143 AD3d 783, 786; Byrne v Nicosia, 104 AD3d 717, 719). The defendants also failed to demonstrate, prima facie, that Property Maintenance Code of New York State (2010) § 306.1, which requires a handrail on "[e]very exterior and interior flight of stairs having more than four risers," did not apply to the location where the injured plaintiff's accident occurred.
However, we agree with the Supreme Court that the plaintiffs were not entitled to summary judgment on the issue of liability on so much of their cause of action to recover damages pursuant to General Municipal Law § 205-e as was predicated upon violations of Property Maintenance Code of New York State (2010) §§ 302.3 and 306.1. The plaintiffs failed to demonstrate, prima facie, the defendants' "neglect, omission, willful or culpable negligence" in violating Property Maintenance Code of New York State (2010) § 302.3 (see General Municipal Law § 205-e[1]; see generally Alexander v City of New York, 82 AD3d 1022, 1024-1025). Moreover, the plaintiffs failed to eliminate all material issues of fact regarding whether the alleged hazardous condition actually existed. Furthermore, to the extent that the cause of action is predicated upon a [*3]violation of Property Maintenance Code of New York State (2010) § 306.1, the plaintiffs' proffered evidence, viewed under the totality of the circumstances and in the light most favorable to the defendants, failed to establish, prima facie, that the injured plaintiff's accident resulted directly or indirectly from the absence of a handrail (see General Municipal Law § 205-e[1]; see generally Giuffrida v Citibank Corp., 100 NY2d 72, 80-83; Aldrich v Sampier, 2 AD3d 1101, 1103-1104).
The plaintiffs' remaining contention is without merit (see CPLR 3212[b]; Dunham v Hilco Constr. Co., 89 NY2d 425).
Accordingly, the foregoing causes of action must await resolution at trial.
MASTRO, J.P., LEVENTHAL, SGROI and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court