Kerzhner v New York City Tr. Auth. (2019 NY Slip Op 02077)





Kerzhner v New York City Tr. Auth.


2019 NY Slip Op 02077


Decided on March 20, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 20, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
JEFFREY A. COHEN
ROBERT J. MILLER
BETSY BARROS, JJ.


2018-00045
 (Index No. 505760/14)

[*1]Volko Kerzhner, appellant, 
v
New York City Transit Authority, respondent.


William Pager, Brooklyn, NY, for appellant.
Lawrence Heisler, Brooklyn, NY (Harriet Wong of counsel), for respondent.



DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Kings County (Katherine A. Levine, J.), dated October 20, 2017. The order granted the defendant's motion for summary judgment dismissing the complaint.
ORDERED that the order is reversed, on the law, with costs, and the defendant's motion for summary judgment dismissing the complaint is denied.
The plaintiff commenced this action to recover damages for personal injuries that he alleges he sustained when he slipped and fell on an escalator located in a subway station owned by the defendant. After joinder of issue, the defendant moved for summary judgment dismissing the complaint. In the order appealed from, the Supreme Court granted the defendant's motion. The plaintiff appeals. We reverse.
"In order for a landowner to be liable in tort to a plaintiff who is injured as a result of an allegedly defective condition upon property, it must be established that a defective condition existed and that the landowner affirmatively created the condition or had actual or constructive notice of its existence" (Lezama v 34-15 Parsons Blvd, LLC, 16 AD3d 560, 560; see Gani v Avenue R Sephardic Congregation, 159 AD3d 873, 873; Steed v MVA Enters., LLC, 136 AD3d 793, 794). Accordingly, "in a premises liability case, a defendant real property owner . . . who moves for summary judgment can establish its prima facie entitlement to judgment as a matter of law by showing that it neither created the allegedly dangerous or defective condition nor had actual or constructive notice of its existence" (Gani v Avenue R Sephardic Congregation, 159 AD3d at 873; see Kyte v Mid-Hudson Wendico, 131 AD3d 452, 453; Pampalone v FBE Van Dam, LLC, 123 AD3d 988, 989). "A defendant can also establish its prima facie entitlement to judgment as a matter of law in a premises liability case by showing that the plaintiff cannot identify the cause of his or her accident" (Gani v Avenue R Sephardic Congregation, 159 AD3d at 874; see McRae v Venuto, 136 AD3d 765, 766; Izaguirre v New York City Tr. Auth., 106 AD3d 878, 878).
Here, the defendant failed to demonstrate its prima facie entitlement to judgment as a matter of law. The defendant's submissions, which included a transcript of the plaintiff's deposition testimony, failed to eliminate all triable issues of fact as to whether the defendant had actual or constructive notice of the allegedly dangerous condition of the escalator steps (see Steed [*2]v MVA Enters., LLC, 136 AD3d at 794; Martino v Patmar Props., Inc., 123 AD3d 890, 891-892). Furthermore, the plaintiff testified at his deposition that he slipped and fell on a wet step while he was riding an escalator. In light of this testimony, it cannot be said that the plaintiff was unable to identify the cause of his accident (see Steed v MVA Enters., LLC, 136 AD3d at 794; Lamour v Decimus, 118 AD3d 851, 851-852; Palahnuk v Tiro Rest. Corp., 116 AD3d 748, 749). Contrary to the defendant's contention, the plaintiff's deposition testimony was not incredible as a matter of law, and any conflict in the testimony or evidence presented merely raised an issue of fact for the factfinder to resolve (see Bautista v Kysor/Warren, 96 AD3d 982, 983). Since the defendant failed to establish its prima facie entitlement to judgment as a matter of law dismissing the complaint, we disagree with the Supreme Court's determination granting the defendant's motion, regardless of the sufficiency of the plaintiff's opposition papers (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853).
RIVERA, J.P., COHEN, MILLER and BARROS, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court