Flaccavento v John's Farms (2019 NY Slip Op 05109)





Flaccavento v John's Farms


2019 NY Slip Op 05109


Decided on June 26, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 26, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ALAN D. SCHEINKMAN, P.J.
MARK C. DILLON
JOSEPH J. MALTESE
HECTOR D. LASALLE, JJ.


2018-10790
 (Index No. 501735/17)

[*1]Gloria Flaccavento, appellant, 
v
John's Farms, et al., respondents.


Michael A. Cervini, Elmhurst, NY, for appellant.
McCarthy & Associates, Melville, NY (Edwin A. Ossa of counsel), for respondents.



DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Kings County (Karen B. Rothenberg, J.), dated July 19, 2018. The order granted the defendants' motion for summary judgment dismissing the complaint.
ORDERED that the order is reversed, on the law, with costs, and the defendants' motion for summary judgment dismissing the complaint is denied.
On the afternoon of December 20, 2016, the plaintiff allegedly tripped and fell on a floor mat in the produce section of the defendants' store. She commenced this personal injury action against the defendants. After discovery, the defendants moved for summary judgment dismissing the complaint, contending that they did not create the alleged hazardous condition or have actual or constructive notice of its existence. The Supreme Court granted the defendants' motion, and the plaintiff appeals.
"The function of the court on a motion for summary judgment is not to resolve issues of fact or determine matters of credibility, but merely to determine whether such issues exist" (Kolivas v Kirchoff, 14 AD3d 493, 493; see Schumacher v Pucciarelli, 161 AD3d 1205). Here, viewing the evidence in the light most favorable to the plaintiff as the nonmoving party (see Stukas v Streiter, 83 AD3d 18, 22), the defendants failed to meet their initial burden. In support of their motion, the defendants submitted, inter alia, transcripts of the deposition testimony of the plaintiff and their store manager, Marvin Rubio. Rubio's description of the produce section, including the floor mats, contradicted the plaintiff's description of the produce section and the mat at issue. The defendants' submissions failed to eliminate material issues of fact as to whether the defendants had constructive notice of the alleged defective condition of the mat that caused the plaintiff to fall (see Moore v Great Atl. & Pac. Tea Co., Inc., 117 AD3d 695, 695-696; Bautista v Kysor/Warren, 96 AD3d 982, 983; Kolivas v Kirchoff, 14 AD3d at 493).
Since the defendants failed to meet their initial burden as the movants, the Supreme Court should have denied their motion for summary judgment dismissing the complaint, regardless of the sufficiency of the opposition papers (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853; Reaves v Novartis Pharms. Corp., 167 AD3d 669, 671).
SCHEINKMAN, P.J., DILLON, MALTESE and LASALLE, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court