Villanueva v DJ's Intl. Buffet, Inc. (2023 NY Slip Op 04393)

Villanueva v DJ's Intl. Buffet, Inc.

2023 NY Slip Op 04393

Decided on August 23, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on August 23, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ANGELA G. IANNACCI, J.P.
LINDA CHRISTOPHER
WILLIAM G. FORD
JANICE A. TAYLOR, JJ.

2020-06600
 (Index No. 501556/18)

[*1]Vince Villanueva, appellant, 
v
DJ's International Buffet, Inc., et al., respondents.

Latos Latos & Associates, P.C., Astoria, NY (Marina Zapantis of counsel), for appellant.
Connell Foley, LLP, New York, NY (Margot N. Wilensky and Christopher Abatemarco of counsel), for respondents.

DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Kings County (Reginald A. Boddie, J.), dated August 6, 2020. The order granted that branch of the motion of the defendants DJ's International Buffet, Inc., and DJ's International Buffet, Inc., doing business as DJ's International Bar & Grill, which was for summary judgment dismissing the complaint insofar as asserted against them and granted that branch of the separate motion of the defendant Aldrich Management Co., LLC, which was for summary judgment dismissing the complaint insofar as asserted against it.
ORDERED that the order is affirmed, with costs.
The plaintiff allegedly was injured when he fell while descending a staircase at a restaurant while carrying a box in both hands. Thereafter, the plaintiff commenced this action to recover damages for personal injuries against the lessors of the restaurant, DJ's International Buffet, Inc., and DJ's International Buffet, Inc., doing business as DJ's International Bar & Grill (hereinafter together the DJ's International defendants), and the owner of the restaurant, Aldrich Management Co., LLC (hereinafter Aldrich Management). The DJ's International defendants moved, inter alia, and Aldrich Management separately moved, inter alia, for summary judgment dismissing the complaint insofar as asserted against each of them. The Supreme Court granted those branches of the respective motions. The plaintiff appeals.
In a premises liability case, "'a defendant can make its prima facie showing of entitlement to judgment as a matter of law by establishing that the plaintiff cannot identify the cause of his or her fall without engaging in speculation'" (Colini v Stino, Inc., 186 AD3d 1610, 1611, quoting Ash v City of New York, 109 AD3d 854, 855). "A plaintiff's inability in a premises liability case to identify the cause of the fall is fatal to the cause of action because a finding that the defendant's negligence, if any, proximately caused the plaintiff's injuries would be based on speculation" (Chang v Marmon Enters., Inc., 172 AD3d 678, 679; see Palahnuk v Tiro Restaurant Corp., 116 AD3d 748, 749). "'Where it is just as likely that some other factor, such as a misstep or a loss of balance, could have caused a trip and fall accident, any determination by the trier of fact as to causation would be based upon sheer speculation'" (Colini v Stino, Inc., 186 AD3d at 1611, [*2]quoting Ash v City of New York, 109 AD3d at 855). "'Proximate cause may be established without direct evidence of causation by inference from the circumstances of the accident. However, mere speculation as to the cause of an accident, when there could have been many possible causes, is fatal to a cause of action'" (Padilla v CVS Pharm., 175 AD3d 584, 585, quoting Vojvodic v City of New York, 148 AD3d 1086, 1087).
Here, the defendants met their prima facie burden by establishing that the plaintiff cannot identify the cause of his fall (see Aprea-Smith v Smith, 71 AD3d 1068; Louman v Town of Greenburgh, 60 AD3d 915, 916). In opposition, the plaintiff failed to raise a material issue of fact. The speculative theory offered by the plaintiff's expert that the plaintiff's fall was caused by alleged violations of the New York State Building Code pertaining to an alleged defective tread and handrails on the staircase and improper lighting, rather than a misstep or loss of balance, was insufficient to raise a triable issue of fact (see Lissauer v Shaarei Halacha, Inc., 37 AD3d 427).
Accordingly, the Supreme Court properly granted those branches of the defendants' respective motions which were for summary judgment dismissing the complaint insofar as asserted against each of them.
In light of the foregoing, we need not reach the plaintiff's remaining contention.
IANNACCI, J.P., CHRISTOPHER, FORD and TAYLOR, JJ., concur.
ENTER:
Darrell M. Joseph
Acting Clerk of the Court