**Burke v Xiufei Chen**

2024 NY Slip Op 32986(U)

August 21, 2024

Supreme Court, Kings County

Docket Number: Index No. 519594/2017

Judge: Wavny Toussaint

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

At an IAS. Trial Term, Part 70 of the Supreme Court of the State of New York, held in and for the County of Kings, at the Courthouse, located at 360 Adams Street, Brooklyn, New York, on the ２١ˣᵗ day of August, 2024

P R E S E N T:

HON. WAVNY TOUSSAINT
                                Justice

_____

TERRANCE BURKE,

                                Plaintiff,

            -against-

XIUFEI CHEN,

                                Defendant.

_____

Index No.: 519594/2017

**DECISIONAND ORDER**

The following papers numbered 1 to   read herein

| | Papers Numbered |
|---|---|
| Notice of Motion/Order to Show Cause/ and Affidavits (Affirmations) Annexed | 108-119 |
| Cross Motion and Affidavits (Affirmation) Annexed | |
| Answers/Opposing Affidavits (Affirmations) | 122-125 |
| Reply Affidavits (Affirmations) | 127-128 |
| Affidavit (Affirmation) | |
| Other Papers | |

Upon the forgoing papers, defendant Xiufei Chen (Chen) moves (Seq. 6) for an order, pursuant to CPLR Rule 3212, granting summary judgment and dismissing the complaint. Plaintiff Timothy Burke (Burke) opposes the application. This is an action for personal injuries allegedly sustained by the plaintiff on December 13, 2016 due to an allegedly defective soap dish that cracked while the plaintiff's left hand was on it as he was cleaning his bathtub, at his residence located at 1938 5ᵗʰ Street, Brooklyn, New York the "premises"). The premises was owned by defendant Chen.

[* 1]

## PROCEDURAL HISTORY

On or about October 10, 2017 plaintiff commenced the instant action to recover for damages for personal injuries he allegedly sustained in the accident by filing a Summons and Verified Complaint against Chen. On or about January 11, 2018, Chen filed an Answer, asking for a bill of particulars and a notice to take deposition. Plaintiff testified at a deposition on October 25, 2018. Chen testified at a deposition on October 30, 2018 and non-party Lin Jie, who assists defendant Chen in managing the premises, on October 20, 2021. Chen moved for Summary Judgment on March 15, 2024. Burke filed opposition to the Summary Judgment motion on May 29, 2024. Defendant Chen filed their reply on June 12, 2024.

## THE PARTIES' CONTENTIONS

### *Defendant Chen's Motion*

Chen argues that her deposition testimony, Burke's testimony, as well as the photos establish that there was no dangerous or defective condition that caused Burke's alleged accident. According to Chen, Burke's decision to use the soap dish for balance, by pushing down on the ceramic soap dish was a misuse of the dishes intended purpose, and the sole reason for his injury. Chen asserts that she cannot be held responsible for Burke's choice to improperly utilize the soap dish. Chen argues that she cannot be held liable for the alleged defective condition of the soap dish because she had no notice of any defective condition; Burke made no complaints; and Chen is unaware of any complaints. Further, there was a 2015 inspection confirming the bathroom was in normal condition. Chen

**2**

[* 2]

alternatively asserts the soap dish's condition was open, obvious, and not inherently dangerous, thus there is no evidence to support liability on her part.

### *Plaintiff's Opposition*

Burke argues in opposition that there are material and triable issues of fact as to the condition of the soap dish, as he simply had his left hand on it, and was not pressing on it when it broke. Burke claims that there was mold and cracked tile in the bathroom walls which made the soap dish a dangerous and defective condition in the premises, contradicting Chen's assertions. Burke also claims Chen had actual notice of the bathroom's issues due to complaints from Burke and other tenants about moldy, cracked tiles and wall leaks before the incident occurred. Additionally, plaintiff argues, constructive notice was established because the moldy, splintered tiles on which the soap dish was attached had been present in the bathroom for years prior to Burke's injury.

Burke also highlights conflicting testimony concerning the response of maintenance person Lin Jie to his complaints and the handling of the broken soap dish, which further supports the argument that Chen was aware of the deteriorating conditions. Burke alleges that Chen neglected to address multiple complaints about the bathroom's safety, including issues with mold and cracked tiles, which he believes contributed to the soap dish breaking and causing his injury. Burke asserts that Chen's failure to act constitutes negligence and directly led to his permanent injuries.

### *Defendant Chen's Reply*

In reply, Chen maintains that Burke has failed to present any evidence confirming the circumstances of his claim. She argues that Burke provided no description or

**3**

[* 3]

photographs of the alleged defect in the soap dish and offers no evidence that Chen had knowledge of or should have known about any defect. Chen dismisses Burke's arguments as speculative and conclusory, emphasizing that Burke's own misuse of the soap dish was the proximate cause of his injuries.

## DISCUSSION

It is well established that summary judgment may be granted only when no triable issue of fact exists (*Alvarez v Prospect Hospital*, 68 NY2d, 320, 324 [1986]). The burden is upon the moving party to make a prima facie showing that he or she is entitled to summary judgment as a matter of law by presenting evidence in admissible form demonstrating the absence of any material issues of fact (*Laffey Fine Homes of New York, LLC v. 7 Cowpath, LLC*, 210 AD3d 974, 975 [2d Dept. 2022] *citing* Alvarez, 68 NY2d at 324). A defendant moving for summary judgment in a premises liability case carries the burden of establishing, prima facie, that it did not create the allegedly dangerous condition and did not have actual or constructive notice of the condition's existence for a sufficient length of time to have remedied the condition (*Vella v. UBM Holdings, Inc.*, 216 AD3d 1051, 1053 [2d Dept. 2023]). The failure of the moving party to make a sufficient prima facie case will result in the courts denial of the motion (*Demshick v. Community Hous. Mgt. Corp.*, 34 AD3d 518, 520 [2d Dept. 2006]).

Here, Plaintiffs opposition raises triable issues of material fact concerning whether the defendant had notice of the defective condition. Plaintiff Burke in his depositions testified to submitting numerous complaints about the condition of the bathroom, the mold in the ceiling, deteriorating tiles on the wall where the soap dish was attached, and the

4

cracks in the tiles surrounding the bathtub. Burke's testimony is in direct conflict with that of Chen's. Furthermore, the question of liability is contested as Chen stated in her deposition that Burke misused the soap dish, while in Burke's deposition he states that he never pushed down on the soap dish causing it to break. Thus, defendant failed to meet her burden of providing a prima facie entitlement to summary judgment by law.

The evidence submitted did not eliminate all triable issues of fact as to whether defendant had actual or constructive notice of the defective soap dish or whether the condition was created by the defendant (*Steed v. MVA Enters., LLC*, 136 AD3d 793, 795 [2d Dept. 2016]; *Martino v. Patmar Props., Inc.*, 123 AD3d 890, 891 [2d Dept. 2014]). In this case, the contradicting testimony of plaintiff and defendant leaves many triable issues of fact to be litigated.

## CONCLUSION

Accordingly, it is hereby

**ORDERED** that defendant's motion (Seq. 6) for an order, pursuant to CPLR Rule 3212, granting summary judgment dismissing the complaint, is denied in every respect. This constitutes the decision and order of the Court.

For Clerks use only
MG ___
MD ⨯
Motion Seq.# 6

ENTER

_____
JSC
**HON. WAVNY TOUSSAINT**
**J.S.C.'**

2024 AUG 22 A 9: 50
KINGS COUNTY CLERK
FILED

5

[* 5]