Macdonald v Palace Entertainment, LLC (2025 NY Slip Op 00212)

Macdonald v Palace Entertainment, LLC

2025 NY Slip Op 00212

Decided on January 15, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on January 15, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

FRANCESCA E. CONNOLLY, J.P.
VALERIE BRATHWAITE NELSON
LINDA CHRISTOPHER
JANICE A. TAYLOR, JJ.

2022-04228
 (Index No. 605917/17)

[*1]Nicole Macdonald, et al., appellants, 
v
Palace Entertainment, LLC, etc., defendant, Festival Fun Parks, LLC, respondent.

Siben & Siben LLP, Bay Shore, NY (Alan G. Faber of counsel), for appellants.
Segal McCambridge Singer & Mahoney, New York, NY (Carla Varriale-Barker of counsel), for respondent.

DECISION & ORDER
In an action to recover damages for personal injuries, etc., the plaintiffs appeal from an order of the Supreme Court, Suffolk County (John H. Rouse, J.), dated May 12, 2022. The order granted the motion of the defendant Festival Fun Parks, LLC, for summary judgment dismissing the amended complaint.
ORDERED that the order is affirmed, with costs.
In July 2015, the plaintiff Nicole Macdonald (hereinafter the injured plaintiff) allegedly was injured when she slipped and fell off a concrete peninsula into a pool at a water park owned by the defendant Palace Entertainment, LLC (hereinafter Palace), and operated by the defendant Festival Fun Parks, LLC (hereinafter Festival). The injured plaintiff and her husband, suing derivatively, subsequently commenced this action against Palace and Festival, inter alia, to recover damages for personal injuries.
Festival moved for summary judgment dismissing the amended complaint. In an order dated May 12, 2022, the Supreme Court granted the motion. The plaintiffs appeal.
In a premises liability case, "a defendant can make its prima facie showing of entitlement to judgment as a matter of law by establishing that the plaintiff cannot identify the cause of his or her fall without engaging in speculation" (Villanueva v DJ's Intl. Buffet, Inc., 219 AD3d 863, 864 [internal quotations omitted]; see Colini v Stino, Inc., 186 AD3d 1610, 1611). "A plaintiff's inability in a premises liability case to identify the cause of the fall is fatal to the cause of action because a finding that the defendant's negligence, if any, proximately caused the plaintiff's injuries would be based on speculation" (Villanueva v DJ's Intl. Buffet, Inc., 219 AD3d at 864 [internal quotation marks omitted]; see Chang v Marmon Enters., Inc., 172 AD3d 678, 679). Further, "[w]here it is just as likely that some other factor, such as a misstep or a loss of balance, could have caused a trip and fall accident, any determination by the trier of fact as to causation would be based upon sheer speculation" (Villanueva v DJ's Intl. Buffet, Inc., 219 AD3d at 864 [internal quotation marks omitted]; see Belmonte v City of New York, 220 AD3d 727, 728). Yet, proximate cause "may be established without direct evidence of causation by inference from the circumstances [*2]of the accident. However, mere speculation as to the cause of an accident, when there could have been many possible causes, is fatal to a cause of action" (Villanueva v DJ's Intl. Buffet, Inc., 219 AD3d at 865 [internal quotations omitted]; see Padilla v CVS Pharm., 175 AD3d 584, 585).
Here, Festival established its prima facie entitlement to judgment as a matter of law dismissing the amended complaint by demonstrating that the injured plaintiff could not identify the cause of her fall (see Villanueva v DJ's Intl. Buffet, Inc., 219 AD3d at 865; Aprea-Smith v Smith, 71 AD3d 1068, 1068). In opposition, the plaintiffs failed to raise a triable issue of fact. The speculative theories offered by the plaintiffs' expert, inter alia, that the injured plaintiff's fall was caused by the peninsula being too narrow to conform with New York State regulations and by the alleged formation of biofilms on the surface of the peninsula, rather than by a misstep or a loss of balance, were insufficient to raise a triable issue of fact (see Lissauer v Shaarei Halacha, Inc., 37 AD3d 427, 427).
Accordingly, the Supreme Court properly granted Festival's motion for summary judgment dismissing the amended complaint.
The parties' remaining contention need not be reached in light of our determination.
CONNOLLY, J.P., BRATHWAITE NELSON, CHRISTOPHER and TAYLOR, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court